IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)

| | |
|---|---|
| SADIS & GOLDBERG, LLP,<br><br>Plaintiff,<br><br>v.<br><br>AKSHITA BANERJEE and SUMANTA BANERJEE,<br><br>Defendants. | Case No. 2:19-CV-01682-AJS |

**BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT**

NOW COME Defendants, Akshita Banerjee and Sumanta Banerjee, by and through their undersigned counsel, and the law firm of Block and Associates, LLC, and respectfully submit this BRIEF in Support of their Motion to Set Aside Default Judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

**A.     INTRODUCTION**

For more than twelve years, Sadis & Goldberg, LLP ("Sadis" or "Plaintiff") has attempted to collect on a disputed debt from Defendant, Sumanta. Banerjee ("Mr. Banerjee").  These attempts involve the interplay of no less than five cases that have been brought against Mr. Banerjee, with the instant matter now having been brought against his wife, Akshita Banerjee ("Ms. Banerjee"), notwithstanding the fact that Ms. Banerjee was never in privity of contract with Sadis.

The Motion to Set Aside Default Judgment is based, *inter alia,* on the existence of related ongoing litigation between the parties in the Southern District of New York, and the belief that

Sadis has exhibited a pattern of failing and or refusing to properly serve Defendants pursuant to applicable state and federal laws.

**B.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

Defendants hereby incorporate by reference the detailed factual background contained within their Motion to Set Aside Default Judgment, which was filed contemporaneously with this Memorandum of Law.

**C.     ARGUMENT**

   **(i)     Introduction.**

Federal Rule of Civil Procedure 55(c) provides that relief from the entry of a default may be granted for "good cause shown." Fed. R. Civ. P. 55(c). A decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) is left primarily to the discretion of the district court. *U.S. v. $55,518.05 is U.S. Currency*, 728 F2d 192, 194 (3d Cir. 1984). As made clear by the Third Circuit Court of Appeals, a district court must consider three factors in exercising its discretion after entry of default: (1) whether setting aside the default would prejudice the plaintiff; (2) whether defendant has asserted a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *United States v $55,518.05*, 728 F.2d. at 194-95. The Third Circuit Court of Appeals has "often emphasized that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Banasco*, 687 F.2d 761, 764 (3d Cir. 1982).

   **(ii)     Plaintiff Will Not be Prejudiced by Setting Aside the Default Judgment.**

Sadis will not be prejudiced if the Default Judgment in this case is set aside, as Sadis has, and will continue to have, an opportunity for recourse through the pendency of the SDNY Litigation. The Third Circuit Court of Appeals requires a district court to consider whether setting

aside a default judgment would prejudice the Plaintiff. *Farnese*, 687 F.2d at 764. That Court has long required "doubtful cases to be resolved in favor of the party moving to set aside the default judgment." *United States v $55,518.05 is U.S.*, 728 F.2d at 194-95; *Farense*, 687 F.2d at 764. Notably, the Third Circuit Court of Appeals has over time "stated its reluctance to permit the final disposition of substantial controversies by default" and has cautioned that "matters involving large sums should not be determined by default." See [Livingston Powdered Metal, Inc. v. N.L.R.B.](), 669 F.2d 133, 136-37 (3d. Cir. 1982) (citing *Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966) and [Tozer v. Charles A. Krause Milling Co.](), 189 F.2d 242, 245 (3d Cir. 1951) (internal quotations omitted)).

As set forth more fully in the Motion, the parties hereto are currently engaged in the SDNY Litigation, a dispute that centers on whether Sadis is owed a sum of money from Mr. Banerjee for unpaid legal fees. During the pendency of the SDNY Litigation, Sadis attempted to collect on the same alleged debt in the Western District by alleging claims of fraud under Pennsylvania's Fraudulent Transfer Act, [12 Pa.C.S. § 5101 et seq]()., and the equivalent New York statute against Mr. Banerjee and against his wife, Ms. Banerjee, as well. The matters at issue involve "substantial sums" and represent a "substantial controversy." Any delay that may result in waiting for a final resolution in the SDNY Litigation would not be sufficient to prejudice the plaintiff. Delay in realizing satisfaction alone rarely establishes the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding. [Feliciano v. Reliant Tooling Co., Ltd]()., 691 F.2d 653, 656-57 (3d Cir. 1982) (citing *Tozer* 189 F.2d at 246). As in *Feliciano* and *Tozer*, so too here -- Sadis will not be prejudiced by setting aside the Default Judgment resulting from the WDPA Litigation, as Sadis has had, and will continue to have, an opportunity to fully litigate all related factual issues in the Southern District of New York.

### (iii) **Defendants Have a Meritorious Defense to the Complaint.**

For the reasons set forth below, Defendants have a meritorious defense to the allegations in the WDPA Litigation.

### (a) **Sadis Failed to Properly Serve the Banerjees and the Matter Ought to be Dismissed Pursuant to F.R.Civ.P. 12(b)(5).**

Pursuant to F.R.Civ.P 12(b)(5), the court may dismiss a case for "insufficiency of service of process." F.R.Civ.P 12(b)(5). The entry of a default judgment "where there has been no proper service of the complaint is, *a fortiori* void, and should be set aside." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14 (3d Cir. 1985). F.R.Civ.P 12 (b)(5).

A Rule 12(b)(5) motion is "the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *See Laurel Mgmt. Grp., LLC v. White Sheep Corp.*, No. 2:18-cv-1000, 2019 WL 4597745 at *5 (W.D. Pa. Sep. 23, 2019) (quoting Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. § 1353 (3d ed. 2010)). The "great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity." *Id.*

As set forth in paragraphs 9 – 15 of the Motion, despite an indication in the docket to the contrary, proper service was not made with respect to either Defendant as required by F.R.Civ.P 4(e). "When sufficiency of service of process is challenged, the party asserting the validity of service bears the burden of proof." *Kilinc v. Tracfone Wireless Inc.*, 757 F. Supp. 2d 535 (W.D. Pa. 2010) (*citing Grand Entm't Group, Ltd. V Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Consequently, the Plaintiff must bear the burden of proving valid service of process.

### (b) **Any Filing in the Western District of Pennsylvania Based on the Same Facts and Issues as the Pending SDNY Litigation is Premature And Should be Barred In The Interest of Sound Judicial Administration.**

As stated above, the parties remain engaged in the SDNY Litigation. Despite the ongoing SDNY Litigation, Plaintiff initiated parallel litigation in this Court. Notwithstanding the reframing by Sadis of its fee dispute as a question of fraud, the instant litigation is based on the same issues and facts as the matter pending in the SDNY Litigation – a question of whether Mr. Banjeree owes Sadis some amount of legal fees.

It would be against the interests of sound judicial economy to allow the two related cases to proceed concurrently. The "first filed rule," while usually applied to competing litigation matters, is instructive. The first-filed rule gives a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court. *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 972 (3d Cir. 1988); *See Zokaites v. Land-Cellular Corp.*, 424 F.Supp. 2d 824, 838 (W.D.Pa. 2006). While there is not a precise rule governing the relations between federal district courts, there is a defined general principle that weighs against duplicative legislation. *Id.* (citing *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 817 (U.S. 1976)). The first-filed rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C.*, 850 F.2d at 971.

Presently, the U.S. District Court for the Southern District of New York is engaged in evidentiary proceedings to determine whether it can exercise personal jurisdiction over Mr. Banerjee such that Sadis is even able to collect the debt it alleges is owed by Mr. Banerjee. Incredulously, despite the fact that the issue that underlies the entire case that is pending in this Court is still under active consideration within the SDNY Litigation, Sadis filed this second suit against Banerjees in this Court to collect on the same alleged debt. To be clear, the duplicative litigation has the potential to result in conflicting judgments if the Default Judgment stands in the WDPA Litigation and Mr. Banerjee ultimately prevails in the SDNY litigation. Alternatively,

should Sadis prevail on the merits in the pending SDNY Litigation, allowing the default judgment to stand in the WDPA Litigation would place Sadis in the inequitable position of being able to collect on the same debt twice.  Accordingly, any action in this Court ought to be stayed pending the final outcome of the SDNY Litigation.

      **(c)**      **Plaintiff's Allegations are Based on Information Obtained by Defendant Subject to a Confidentiality Order and Used Improperly.**

Should the default be set aside and the merits of this case tried, it will become evident that Sadis learned of the alleged "fraudulent" transfers between Mr. Banerjee and Ms. Banerjee through violation of a Confidentiality Stipulation between the parties in the SDNY Litigation.  Specifically, during evidentiary proceedings as part of that case, Sadis subpoenaed records from H&R Block and Fidelity Investments, which were produced via a Confidentiality Stipulation entered in the SDNY Litigation, which, upon information and belief, prevented the use and disclosure of said information for any purpose outside of that action.  Sadis then used the information gleaned therefrom to form the basis of its Complaint in this Court. It would be inequitable to permit Sadis to bring new claims based on the plainly confidential documents used in violation of an existing judicial protective order.

      **(d)**      **Plaintiff is Time-Barred from Bringing a Claim Under PAUFTA.**

Sadis alleges that the alleged "fraudulent" transfers occurred in 2013 and "at some point in 2014."  Again, Plaintiff is unclear as to whether they complain of fraud under Section 5104(a)(i) or Section 5104(a)(ii) of PAUFTA.  Regardless, Section 5109 of the Act provides generally that "a cause of action with respect to a fraudulent transfer is extinguished" unless brough within four (4) years after a transfer was made or an obligation incurred.  12 Pa.C.S. § 5109; *See Impala Platinum Holdings Limited v. A-1 Specialized Services and Supplies, Inc.*, No. 16-cv-1343, 2016 WL 8256412 at *13 (E.D. Pa. Sept. 16, 016) (Unreported).  Here, Sadis' Complaint was filed on

December 31, 2019, a date that is plainly beyond four years after any date on which the purported transfers are alleged to have been made.

> **(e)     Plaintiff's Allegations Regarding Violation of the Pennsylvania Uniform Fraudulent Transfer Act and the Equivalent New York Statute Fail as There was No Relevant Fraud and the Matter Ought to be Dismissed Pursuant to F.R.Civ.P. 12(b)(6).**

The Pennsylvania Uniform Fraudulent Transfer Act ("PAUFTA" or the "Act"), provides a statutory remedy to creditors where a debtor has acted to hinder his creditors. 12 Pa.C.S. § 5101 *et seq*. While Mr. Banerjee may, *arguendo*, be a "debtor" as defined by the Act, Ms. Banerjee does not meet the definition of debtor under PAUFTA. The "general rule" as stated in PAUFTA is that a transfer by a debtor is voidable as to a creditor if: (i) the debtor made the transfer with actional intent to hinder, delay or defraud any creditor; or (ii) without receiving a reasonably equivalent value in exchange for the transfer and the debtor was engaged in a transaction for which his remaining assets were unreasonably small in relation to the transaction or the debtor should have reasonably believed the debtor would incur debts beyond his ability to pay. 12 Pa.C.S. § 5104(a). However, Pursuant to PAUFTA, a transfer that might otherwise be voidable is not voidable against a person that took in good faith. 12 Pa.C.S. § 5108(a).

Without any specificity, Sadis appears to allege both that Mr. Banerjee made transfers with the intent to hinder, delay or defraud under Section 5104(a)(1), and that the transfers were made to Ms. Banerjee without receiving reasonable value in exchange as outlined in Section 5104(a)(2). Determining the actual intent of a debtor as required by Section 5104(a)(1) necessitates that the court to consider eleven specified factors. *See* 12 Pa.C.S. § 5104(b).

Whether or not there has been a violation of PAUFTA is a fact-intensive inquiry grounded in the precise language of the statute. *See e.g. Trizechahn Gateway LLC v. Schnader Harrison Segal & Lewis LLP*, No. 1472 WDA, 2019 WL 5858227 (Pa. Super. Nov. 8. 2019) (non-

precedential decision); *Carroll v. Stettler*, 941 F. Supp.2d. 572 (E.D. Pa. 2013); *Hecht v. Malvern Preparatory School*, 716 F. Supp. 2d 395 (E.D. Pa. 2010). As more fully set forth in the Motion at paragraphs 57 – 60, and as would be more fully developed in future pleadings depending on the disposition of this Motion, Mr. Banerjee had no knowledge of any litigation at the time the identified transfers were made.  Further, those transfers were made pursuant to an agreement entered into by Mr. and Ms. Banerjee after having marital troubles in 2012, and were to provide for Ms. Banerjee and their three children when they returned to live in Pittsburgh, while Mr. Banerjee remained in India. These facts raise a question as to whether Mr. Banerjee had the requisite intent to defraud as is required by 5104(a)(1) or alternatively, as to whether or not the transfers were made without receipt of reasonably equivalent value as specified in Section 5104(a)(2).

**(iv)** **The Default Was Not the Result of Culpable Conduct on the Part of the Banerjees.**

In determining whether to set aside a default judgment the court must examine the defendant's "culpable conduct."  The standard set forth by the Third Circuit Court of Appeals is the "willfulness" or "bad faith" of a non-responding defendant. See *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653 (3d Cir. 1982); *Gross v Stereo Component Systems, Inc.*, 700 F.2d 120 (3d Cir. 1983).  Even a finding of "inexcusable neglect" does not satisfy this high standard.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1187 (3d. Cir. 1984).

As discussed in paragraphs 9-15 of the Motion, neither Mr. nor Ms. Banerjee were served with the Complaint in this action.  To the contrary, the Banerjees' first notice of the WDPA Litigation came because of learning about the garnishment action now pending in the Allegheny County Court of Common Pleas.  In fact, the SDNY Litigation was ongoing during the pendency of this WDPA Litigation, and despite multiple interactions between counsel for Sadis and the

8

Banerjees as part of the SDNY Litigation, not once did Sadis' counsel make mention or reference to the WDPA Litigation and the Banerjee's noticeable absence from and failure to respond to same. Sadis' failure to make proper service disobliges the Defendants from being required to make any sort of response. Any failure to respond to a Complaint, of which each Defendant had no notice, cannot be considered willful or in bad faith and must absolve Mr. and Ms. Banerjee of culpability related to the entry of default.

**D.      CONCLUSION:**

For the reasons stated above as well as those set forth in the accompanying Motion, Defendants, Akshita Banerjee and Sumanta Banerjee, respectfully request that this Honorable Court grant the within Motion and Set Aside the Default Judgment for good cause pending the resolution of the related proceedings in the United States Federal District Court of the Southern District of New York.

Dated:  July 15, 2020                              Respectfully submitted,


                                                  */s/ Beverly A. Block*
Beverly A. Block, Esquire
Pa. I.D. #93406
Marcie J. Solomon, Esquire
Pa. I.D. #324902
BLOCK & ASSOCIATES, LLC
6425 Living Place, Suite 200
Pittsburgh, PA 15206
Tel: (412)-450-6021
Fax: (412) 450-6024
block@blockandassociatespgh.com
msolomon@blockandassociatespgh.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Motion to Set Aside Default Judgment was served upon opposing counsel using the Court's CM/ECF system and United States Mail, Certified mail delivery, postage prepaid, this 15th day of July, addressed as follows:

Sadis & Goldberg, LLP
Katelin J. Montgomery, Esquire
Kate E. McCarthy, Esquire
Meyer, Unkovic & Scott LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222

Ben Hutman
Sadis & Goldber, LLP
551 Fifth Avenue
Floor 21
New York, NY 10176

/s/ Beverly A. Block
Beverly A. Block