# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SADIS & GOLDBERG, LLP,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AKSHITA BANERJEE AND SUMANTA BANERJEE,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 19-CV-01682 (AJS) |

## DECLARATION OF BEN HUTMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT

I, Ben Hutman, being over the age of 18 and under penalty of perjury, declare the following under 28 U.S.C. § 1746:

1. I am an associate of the law firm of Sadis & Goldberg LLP ("Sadis") and counsel for Plaintiff, in the above-captioned matter. I make this declaration on personal knowledge in support of Plaintiff's Opposition to Defendants' Motion to Set Aside Default Judgment.

2. On October 23, 2019, I was conversing with Defendant Sumanta Banerjee ("Sumanta") just outside the Courtroom 20D of the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street in Manhattan, NY, prior to a scheduled conference in the matter of *Sadis & Goldberg, LLP v. Banerjee*, No. 14-cv-913 (LTS)(OTW) (SDNY). During the conversation, Sumanta told me in sum and substance that even if Sadis were to win the lawsuit, it would never be able to collect on its judgment because Sadis could not access Sumanta's assets.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Complaint initiating this Action.

4. Plaintiff asks the Court to consider the documents attached below. Each of these documents are either "incorporated by reference" in Defendants' Motion to Set Aside Default Judgment, "integral" to evaluating Defendants' claimed defenses, "matters of public record," and court "orders" and, therefore, may be considered by this Court. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

5. Attached hereto as Exhibit 2 is a true and correct copy of the Affidavit of Sean T. Carnathan in Support of Request for Entry of Default Pursuant to Fed. R. Civ. P. 55(a) filed in the matter of *Tuckerbrook Alt. Invs., LP, v. Banerjee*, No. 09-cv-11672 (WGY) (D. Mass.) ("*Tuckerbrook I*") on May 27, 2010.

6. Attached hereto as Exhibit 3 is a true and correct copy of the Opposition to Motion of Default Judgment filed by Sumanta Banerjee in *Tuckerbrook I* on June 18, 2010.

7. Attached hereto as Exhibit 4 is a true and correct copy of the Motion to Vacate the Deem Process of Service Effectuated and Motion to Dismiss the Action filed by Sumanta Banerjee in the matter of *Tuckerbrook Alt. Invs., LP, v. Banerjee*, No. 12-cv-11643 (GAO) (D. Mass.) ("*Tuckerbrook II*") on April 29, 2013.

8. Attached hereto as Exhibit 5 is a true and correct copy of the Affidavit of Sean T. Carnathan in Support of Plaintiff Tuckerbrook Alternative Investments LP's Motion to Deem Service of Process Effectuated filed in *Tuckerbrook II* on October 26, 2020.

9. Attached hereto as Exhibit 6 is a true and correct copy of the Motion to Set Aside Default Judgment and Motion to Vacate Default and Memorandum of Law in Support of Defendant's Motion to Set Aside Default Judgment filed by Sumanta Banerjee in the matter of *Sadis & Goldberg, LLP v. Banerjee*, No. 14-cv-913 (LTS) (SDNY) (the "SDNY Action") on April 27, 2016.

10. Attached hereto as Exhibit 7 is a true and correct copy of the Civil Docket in this Action as of July 19, 2020.

11. Attached hereto as Exhibit 8 is a true and correct copy of an email from myself, Ben Hutman, to Defendants Akshita Banerjee and Sumanta Banerjee (together the "Banerjees" or "Defendants") regarding the Request for Default and Default Judgment sent at 7:58 p.m. on February 18, 2020.

12. Attached hereto as Exhibit 9 is a true and correct copy of an email from myself, Ben Hutman, to Sumanta Banerjee regarding the Joint Stipulated Facts, Deposition Designations, and Defendants Exhibits in the SDNY Action, sent at 7:13 p.m. on February 18, 2020.

13. Attached hereto as Exhibit 10 is a true and correct copy of an email from myself, Ben Hutman, to the Banerjees regarding the Entry of Default and Default Judgment in this Action, sent on February 20, 2020.

14. Attached hereto as Exhibit 11 is a true and correct copy of a letter from Pat Green of Sadis to the Banerjees dated February 20, 2020 and attaching the Entry of Default and Default Judgment in this Action as well as the Federal Express label for delivery of the letter and attachments.

15. Attached hereto as Exhibit 12 is a true and correct copy of an email from FedEx Tracking Updates to Pat Green confirming that the letter and enclosed attachments was delivered to the Banerjees at 1514 Cook School Road, Pittsburgh, PA 15241 on February 21, 2020 at 11:27 a.m.

16. Attached hereto as Exhibit 13 is a true and correct copy of Defendant's Response to Plaintiff's Motion in Opposition of Vacating or Setting Aside Default filed by Sumanta Banerjee in the SDNY Action on August 10, 2016.

17. Attached hereto as Exhibit 14 is a true and correct copy of the March 30, 2017 Memorandum Order of the Honorable Judge Laura Taylor Swain denying Sumanta Banerjee's Motion to Set Aside Default Judgment and Motion to Vacate Default in the SDNY Action.

18. Attached hereto as Exhibit 15 is a true and correct copy of the Brief of the Appellant, Sumanta Banerjee in the matter of *Sadis & Goldberg, LLP v. Sumanta Banerjee*, No. 17-1216 (2d Circuit) (the "SDNY Appeal") on August 3, 2017.

19. Attached hereto as Exhibit 16 is a true and correct copy of the March 22, 2018 Summary Order of the United States Court of Appeals for the Second Circuit in the SDNY Appeal.

20. Attached hereto as Exhibit 17 is a true and correct copy of the Joint Stipulation of Facts filed by Sadis and Sumanta Banerjee in the SDNY Action on February 25, 2020.

21. Attached hereto as Exhibit 18 is a true and correct copy of an excerpt of the Transcript of the March 29, 2019 Deposition of Akshita Banerjee in the SDNY Action.

22. Attached hereto as Exhibit 19 is a true and correct copy of an excerpt of the Transcript of the February 14, 2019 Deposition of Banerjee in the SDNY Action.

23. Attached hereto as Exhibit 20 is a true and correct copy of an email exchange between Sumanta Banerjee and Akshita Banerjee on June 26, 2008 and previously filed in *Tuckerbrook I* on May 27, 2010.

24. Attached hereto as Exhibit 21 is a true and correct copy of the Final Award of Arbitrator Margaret R. Hinkle dated May 9, 2012 in the JAMS Arbitration matter of *Tuckerbrook Alternative Investments L.P. v. Sumanta Banerjee*, No. 1400013543.

25. Attached hereto as Exhibit 22 is a true and correct copy of the Civil Docket for *Tuckerbrook I*.

26. Attached hereto as Exhibit 23 is a true and correct copy of the transcript of the June 27, 2012 Status Conference before the Honorable William G. Young in *Tuckerbrook I*.

27. Attached hereto as Exhibit 24 is a true and correct copy of the Civil Docket for *Tuckerbrook II*.

28. Attached hereto as Exhibit 25 is a true and correct copy of Plaintiff Tuckerbrook Alternative Investments LP's Motion to Deem Service of Process Effectuated filed in *Tuckerbrook II* on October 26, 2012.

29. Attached hereto as Exhibit 26 is a true and correct copy of the May 24, 2013 Order filed by the Honorable Judge George A. O'Toole in *Tuckerbrook II*.

30. Attached hereto as Exhibit 27 is a true and correct copy of an excerpt of the transcript of the March 3, 2020 Hearing in the SDNY Action.

31. Attached hereto as Exhibit 28 is a true and correct copy of the August 26, 2019 Opinion & Order filed by the Honorable Magistrate Judge Ona T. Wang in the SDNY Action.

32. Attached hereto as Exhibit 29 is a true and correct copy of the Confidential Separation Agreement signed by Sumanta Banerjee and Akshita Banerjee on June 19 and September 18, 2012.

Dated: New York, New York
July 23, 2019

/s/ Ben Hutman
Ben Hutman (*admitted pro hac vice*)
NY ID No. 5127451
SADIS & GOLDBERG, LLP
551 5th Avenue, 21st Floor
New York, New York 10176
bhutman@sadis.com
(212) 573-6675