# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TUCKERBROOK ALTERNATIVE )
INVESTMENTS, LP, )
 )
Plaintiff, )
 )
v. ) CASE NO. 09-CV-11672-WGY
 )
SUMANTA BANERJEE, )
 )
Defendant. )

## OPPOSITION TO MOTION OF DEFAULT JUDGEMENT

### INTRODUCTION

Plaintiff Tuckerbrook has not yet shown proof that the complaint papers have been served on Defendant Banerjee. There have been attempts, although the papers have yet to be served on him, as required by Honorable Judge Young. Accordingly, the Defendant asks his Honorable Court (1) to dismiss the Motion for Default Judgment and (2) to require the Plaintiff to show written proof of acceptance of papers.

### FACTS AND HISTORY

1. Banerjee has NOT received the complaint yet in the above referenced case number. Banerjee is aware of a courier company attempting to make one delivery in April. Our servants are illiterate and do not accept anything as a result. Banerjee was not present at that time (as a matter of fact he was in another city on that date), and did not refuse any delivery of any documents from any courier (another example of continuing misstatements by Mr. Carnathan and their agents in their desperation). As far as Banerjee knows there has not been any re-attempt of delivery at a time when he was present. Banerjee is generally home after 7pm on Weekdays and on Saturdays and Sundays and the servants usually ask all couriers, etc. to deliver during that time period. Please see the previous communication when this Court vacated the previous Motion of Default, as Exhibit A.

2. Banerjee is currently out of the country for work and will not be returning until early July 2010. Upon careful reading of Mr. Carnathan's Affidavit, Banerjee has noticed that he has attached as an exhibit the Verified Complaint in the above mentioned case. Banerjee would respectfully like to mention that Mr. Carnathan did not serve the papers as per this Court's Order attached in Exhibit B, but rather cleverly disguised the complaint as attachment in his affidavit. We would request that this Court's would still enforce your previous order of certification of delivery of the Complaint Papers to us so that there is no confusion as to the veracity of the documents that have received by default. Further as there as several typos, mistakes, inconsistencies and incorrect attachments, we would like to be assured that the Complaint Papers attached are accurate and are the same documents actually filed with this Honorable Court.

3. Mr John. J. Hassett (Managing Principal of Tuckerbrook) has a long history of litigation in courts and this is yet another attempt to waste the Court's time and Your Honor's time. Also, Mr. Hassett continue to harass Mr. Banerjee in the same manner with agents (private detectives hired in July 2009 to stake out my house in CT as per Tuckerbrooks' own admission) as he has done with various other parties in the past as reported in the press. In fact even the Mass Turnpike has witnessed the lengths that Mr. Hassett will go to. Please see exhibit C.

4. Tuckerbrook and Mr. Hassett have continued to harass Mr.Banerjee both while he was in Connecticut and in India. Mr. Carnathan has admitted in Court filings that he and Tuckerbrook hired private investigators to monitor Banerjee's movements. In India, they hired a security company to loiter, and harass Mr. Banerjee's family and engage in other forms of despicable behavior. This hiring of private investigators is not new to Mr. Hassett.   Please see exhibit D.

5. Finally, on a separate note, the fact that Banerjee transferred private personal funds to India for the welfare of his parents and family and living expenses are irrelevant to the current case. Opposing Counsel again makes incorrect and

misleading statements that are defamatory in nature and content. Mr. Carnathan seems to be in the habit of using defamatory language to make his points, as they are usually grossly inaccurate or just blatantly incorrect.

## CONCLUSION

In conclusion, Banerjee respectfully moves that this Court (1) dismiss the Motion for Default Judgment and (2) require that the complaint papers be served to Banerjee in the manner dictated by this Court in a prior ruling on April 23, 2010. Banerjee will respond within 45 days of receipt of the original Compliant.

Respectfully submitted,

/s/ Sumanta Banerjee