# EXHIBIT 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SADIS & GOLDBERG, LLP,

       Plaintiff,

 -v-                                       No.  14-CV-913-LTS

SUMANTA BANERJEE,

       Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

       Plaintiff Sadis & Goldberg, LLP ("Sadis & Goldberg" or "Plaintiff") commenced this breach of contract action against Defendant Sumanta Banerjee ("Banerjee" or "Defendant") in February 2014, following the dismissal without prejudice of an action seeking substantially the same relief on the same facts (Civil Action No. 13-CV-7355-LTS (the "2013 Action")). Plaintiff sought to recover legal fees billed in connection with the defense of another action in which Plaintiff represented Banerjee.  (See Complaint, Docket Entry No. 2.)  The Court entered judgment in Plaintiff's favor by default in this action on April 28, 2015, and Defendant now moves to vacate that judgment.

       The Court has jurisdiction of this case under 28 U.S.C. § 1332.

       For the following reasons, Defendant's motion is denied in its entirety.

BACKGROUND

       As extensively set forth in filings in connection with earlier motion practice in the instant action (see, e.g., Docket Entry No. 16), Plaintiff was repeatedly unsuccessful in attempting to serve Defendant in both this action and the 2013 Action.  Plaintiff was first

unsuccessful in its attempts to serve Plaintiff with the summons and complaint in the 2013 Action at a residential address in the United States that was associated with members of his immediate family—his wife was served but then sent a letter to a Sadis & Goldberg attorney, with a copy to the Clerk of this Court, denying that the Defendant lived at the address, asserting that the Defendant had returned to India to live and providing a street address in India. Plaintiff then unsuccessfully attempted Hague Convention service of the papers in the 2013 Action at the street address in India that had been provided by Defendant's wife; service was effectuated on Defendant's mother at "Flat 142B" of that address. Plaintiff's mother's Indian attorney wrote to the Indian Central Authority, denying that the Defendant lived in the unit at which she had received the papers, and Defendant's mother sent an affidavit to Plaintiff to the same effect. (See The 2013 Action, 13-CV-7355-LTS, Docket Entry No. 6; Civil Action No. 14-CV-913, Docket Entry No. 13-13.) Finally, Plaintiff unsuccessfully initiated Hague Convention service on Defendant with the summons and complaint in the instant action at the Indian street address, but the Indian Central Authority never responded to Plaintiff's request for service.

Following these numerous failed attempts, Plaintiff applied to this court for authorization of an alternative form of service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. On July 3, 2014, having considered and found sufficient Plaintiff's earlier efforts to serve Defendant, the Court authorized service by email through an email address that Defendant had used in connection with litigation in the District of Massachusetts. (See Docket Entry No. 16.)

Following Defendant's failure to respond to the summons and complaint, Plaintiff applied for permission to engage in default judgment motion practice, and the Court authorized the motion practice. (See Docket Entry No. 21.) Plaintiff served its motion papers on Defendant

by both email and "express mail" to what Plaintiff believed was the Defendant's "last known address in India," and, i.e., the one that had been provided by Defendant's wife to Plaintiff. (Docket Entry No. 23.)  On January 12, 2015, Plaintiff filed a properly-supported motion for default judgment against Defendant and served Defendant by email and U.S. Postal Service international mail to the street address in India.  (See Docket Entry Nos. 33-36.)  Defendant did not respond to Plaintiff's default judgment motion.

On February 6, 2015, the Court granted the motion, and directed Plaintiff to provide the Court with "affidavits attesting to the accuracy, reasonableness, necessity and pertinence of all work done pursuant to the terms of the parties' retention agreement, and all expenses incurred, for which Plaintiff seeks to recover compensation [and] evidence documenting, and affidavits attesting to the reasonableness and propriety of, any other costs, expenses or interest that it seeks to recover" by February 20, 2015.  (Docket Entry No. 39.)  Plaintiffs complied with the Court's deadline and filed evidentiary material on February 18, 2015, and served its filing on Plaintiff by email and international mail.  (See Docket Entry Nos. 40, 41.)  Defendant was directed to file any opposition by March 13, 2015.  (See Docket Entry No. 39.)  He did not respond.  On April 9, 2015, the Court awarded "Plaintiff $379,652.37 in fees associated with its prior representation of Defendant, as well as prejudgment interest, calculated at a rate of 1% per month for each invoice not paid within 30 days of receipt," and denied "Plaintiff's request for $106,613.50 in fees associated with motion practice in this case" in a memorandum order.  (Docket Entry No. 43.)  Judgment in favor of Plaintiff was entered on April 28, 2015, and the case was terminated.  (Docket Entry No. 46.)

One year later, on April 27, 2016, Defendant initiated the instant motion practice pursuant to Federal Rule of Civil Procedure 60(b), seeking an order declaring the default

judgment invalid as based on an invalid method of service.  (See Docket Entry No. 48.) Defendant admits that the email address that had been used for service belongs to him and is one that he has used, but asserts that he had switched, because of excessive "spam," to using his wife's email address in the Massachusetts litigation prior to the service of the summons and complaint in this action.  (See id.)  He alleges that he only belatedly learned of the instant action and the default judgment entered by this Court because a "friend" brought them to his attention and that he subsequently went on to the Court's online e-filing system and read the papers.  (See Docket Entry No. 65.)

Defendant asserts that he wishes to defend against Plaintiff's claim, principally on the ground that the parties had entered into an agreement under which the subject debt was to have been satisfied by Plaintiff's foreclosure on Defendant's interest in an entity rather than by collection of a money judgment.  (See Docket Entry Nos. 48, 65, 71.)  Defendant proffers a copy of the agreement upon which he relies for his contention that Plaintiff's pursuit of a money judgment is precluded.  (See Docket Entry No. 48, at 46-47; see also Complaint, Docket Entry No. 2, Ex. C.)  Defendant also proffers that the street address in India at which Plaintiff attempted to serve him is valid, but that he has not received documents Plaintiff claims to have sent to him there by Federal Express.  (See Docket Entry No. 48, at 10-12.)

Plaintiff opposes the motion, contending that email service pursuant to the Court's July 3, 2014, order was proper, that Defendant's putative defense is meritless and that his denial of receipt of process is mendacious.  Defendant has made additional submissions.

The Court has reviewed thoroughly all of the parties' submissions in connection with this Rule 60(b) motion practice, as well as the submissions upon which the Court granted the order authorizing alternative service and Plaintiff's motion for default judgment.

For the following reasons, Plaintiff's motion is denied in its entirety.

DISCUSSION

Defendant argues that the judgment must be vacated as void because email service on Indian residents is precluded by India's objection to the Hague Convention Article 10 service provisions, that the email address used was not an appropriate one, and that he has a valid defense to Plaintiff's claim.

The default judgment entered in favor of Plaintiff is not void because email service was not precluded by India's objection to Hague Convention Article 10 service. As the Court explained in detail in its July 3, 2014, order allowing Plaintiff to serve Defendant by email through an email address that Banerjee had used in connection with litigation in the District of Massachusetts, the weight of authority on this point is that methods are not precluded unless specifically enumerated and a signatory nation has specifically objected to them. (See Docket Entry No. 16; see also F.T.C. v. Pecon Software Ltd., 2013 WL 4016272, at *4-5 (S.D.N.Y. Aug. 7, 2013) ("where a signatory nation has objected to only those means of service listed in Article 10, a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article 10") (internal brackets omitted).) Article 10 provides for service by postal channels, through judicial officers, and through other competent persons in the State of destination. See Hague Convention on Service Abroad of Judicial and Extrajudicial Documents art. 10, signed Nov. 15, 1965, in force Feb. 10, 1969, 20 U.S.T. 361, 658 U.N.T.S. 163. Article 10 does not address service by email. Id. Thus, although conceptual analogies can be drawn between email and postal service, India's lack of specific objection to use of this technology, which is not a new technology, as a means of service leaves its use permissible.

Defendant further argues that the default judgment was improper because Plaintiff did not comply with the time periods and procedures set forth in Article 15 of the Hague Convention. However, because the Court authorized an alternative means of service in this case, compliance with the Article 15 procedures was not a necessary predicate to Plaintiff's application to serve Defendant by email or its motion for judgment by default.

The Court has discretion to authorize alternative forms of service even where the country at issue is a Hague Convention signatory. See F.T.C. v. PCCare247Inc., 2013 WL 841037, at *3-4 (S.D.N.Y. Mar. 7, 2013). "The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." United States v. Lebanese Canadian Bank SAL, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) (internal quotation marks and citations omitted). When granting Plaintiff's request to serve Defendant by email, the Court found Plaintiff's proffers sufficient after Plaintiff had made numerous, documented attempts to serve Defendant in both the instant action and the original action, and the Court properly exercised its discretion.

Nor was there a denial of Defendant's due process rights when the Court granted Plaintiff's requests to effectuate service by email. "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." Pecon Software Ltd., 2013 WL 4016272, at *5 (citations omitted). The Defendant does not deny that the email address that was authorized for service by the Court in the July 3, 2014, order, belongs to him and is one that he had used. (See Docket Entry Nos. 48, 65.)

Even if the Court accepts Defendant's assertion that his default was not willful, vacatur of the default judgment is not a foregone conclusion because the Court's clear preference for adjudication on the merits in the context of default judgments presumes a meritorious

defense.  See e.g., Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 2007 U.S. Dist. LEXIS 93420, at *2 (S.D.N.Y. Dec. 19, 2007).  Defendant, however, has not proffered such a defense.  His claims of fraud and the improper pursuit of a money judgment turn on an interpretation of a written agreement that is inconsistent with the plain and unambiguous terms of that agreement.  (See Docket Entry No. 48, at 46-47; see also Complaint, Docket Entry No. 2, Ex. C.)  In that agreement, as indicated by his counter-signature, Defendant acknowledged a preexisting money debt to Plaintiff and agreed to pay it.  The agreement reflects Defendant's outstanding debt to Plaintiff as of the agreement's date; the amount is consistent with evidentiary material proffered by Plaintiff in support of its default judgment application.  (See id.; Docket Entry No. 40, Ex. C.)  Although the agreement contemplates the pledge of Defendant's interest in an entity as collateral for his outstanding debt and potential foreclosure on that interest should Defendant "fail to zero out [his balance]" on or before a specified date, the document does not limit Plaintiff to that remedy, nor does it provide for any novation or release of the underlying liability.  (See Docket Entry No. 48, at 46-47; see also Complaint, Docket Entry No. 2, Ex. C.)

Because Defendant was served properly, his due process rights were not violated, and he has failed to proffer a meritorious defense, Defendant's motion for relief from the default judgment is denied and the judgment stands.

## CONCLUSION

For the foregoing reasons, Defendant's motion to set aside default judgment and

motion to vacate default is denied.

        This Memorandum Opinion and Order resolves Docket Entry No. 48.

        SO ORDERED.

Dated: New York, New York
       March 30, 2017

          /s/ Laura Taylor Swain
         LAURA TAYLOR SWAIN
         United States District Judge

**Copy Mailed To:**
Sumanta Banerjee
58/1 Ballygunje Circular Rd.
Kolkata-19
West Bengal
India