# EXHIBIT 15

No. # 17-1216

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

SADIS & GOLDBERG, LLP, Plaintiff-Appellee,

vs.

SUMANTA BANERJEE, Defendant-Appellant

On Appeal from an Order of the United States District Court for the
Southern District of New York Denying a Motion to
Set Aside a Judgment and Vacate a Default

**BRIEF OF THE APPELLANT, SUMANTA BANERJEE**

Theodore J. Folkman
MURPHY & KING, P.C.
One Beacon Street
Boston, Mass. 02108
(617) 423-0400
tfolkman@murphyking.com

*Counsel for the Appellant*

August 3, 2017

## TABLE OF CONTENTS

Table of Authorities ..................................................................................... ii

Jurisdictional Statement .............................................................................. 1

Issues Presented For Review ....................................................................... 3

Statement of the Case................................................................................... 3

Summary of the Argument........................................................................... 5

Argument....................................................................................................... 7

   A.  Standard of Review........................................................................... 7

   B.  Background to the Convention ......................................................... 7

   C.  The Convention Is Mandatory......................................................... 9

   D.  The Convention Applies to This Case............................................10

   E.  Because The Convention Is Exclusive, And Because It Applies In This Case, Service By Email Could Be Proper Only If The Convention Authorizes Or Permits It................................................................................................10

   F.  The Convention Neither Authorizes Nor Permits Service By Email............12

      1.  Article 10(a) Does Not Permit Service By Email In This Case...............12

      2.  No Other Provision in the Convention Even Arguably Authorizes or Permits Service by Email .........................................................................13

   G.  Rule 4(f)(3) Does Not Permit The Court To Authorize A Method Of Service That The Convention Does Not Allow..............................................................13

   H.  If Banerjee Lived In The United States, Both Of Sadis & Goldberg's Efforts To Serve Process In This Action Would Necessarily Fail...................................14

   I.  Because The Service Of Process Was Insufficient, The Judgment Is Void..15

Conclusion ...................................................................................................16

## TABLE OF AUTHORITIES

### Cases

*Burda Media, Inc. v. Viertel,* 417 F.3d 292 (2d Cir. 2005) .................................7, 15

*Combs v. Nick Garin Trucking,* 825 F.2d 437 (D.C. Cir. 1987) ............................15

*Fisher v. Petr Konchalovsky Found.,* 2016 U.S. Dist. LEXIS 31014 (S.D.N.Y. Mar. 10, 2016) ............................................................................................................11

*FTC v. PCCare247 Inc.,* 2013 U.S. Dist. LEXIS 31969 (S.D.N.Y. Mar. 7, 2013) 11

*GMA Accessories, Inc. v. BOP, LLC,* 2009 U.S. Dist. LEXIS 85404 (S.D.N.Y. Aug. 28, 2009)...........................................................................................................13

*Gurung v. Malhotra,* 279 F.R.D. 215 (S.D.N.Y. 2011)...........................................11

*Herrick Co. v. SCS Communs., Inc.,* 251 F.3d 315 (2d Cir. 2001)...........................1

*M&K Welding, Inc. v. Leasing Partners, LLC,* 386 F.3d 361 (1st Cir. 2004) ........15

*Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826 (1989) ................................1

*Sulzer Mixpac AG v. Medenstar Indus. Co.,* 312 F.R.D. 329 (S.D.N.Y. 2015)......11

*Volkswagen AG v. Schlunk,* 486 U.S. 694 (1988)................................................9, 10

*Water Splash, Inc. v. Menon, Inc.,* 137 S. Ct. 1504 (2017) ....................................10

### Statutes

28 U.S.C. § 1291 .........................................................................................................2

28 U.S.C. § 1332..........................................................................................................1

28 U.S.C. § 1332(a)(1)...............................................................................................1, 2

28 U.S.C. § 1332(a)(2)...............................................................................................1, 2

### Treaties

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 1 ...........................................................................................................................9, 10

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 2.....7

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 3.....7

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 5 ................................................................................. 5, 7, 8, 13

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 6.....8

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 8 ................................................................................. 5, 8, 13

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 9 ................................................................................. 5, 8, 13

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 10 ..8

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 10(a) .......................................................................................... passim

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 10(b) ..........................................................................................6, 8

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 10(c) ..........................................................................................6, 8

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 19 ................................................................................. 6, 9, 13

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 21 ..8

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, art. 25 ...................................................................................... 6, 9, 13

<u>Rules</u>

Fed. R. App. P. 12.1(b) ..................................................................... 2

Fed. R. Civ. P. 4(e)(2)(B) ............................................................... 15

Fed. R. Civ. P. 4(f) ........................................................................ 14

Fed. R. Civ. P. 4(f)(1) .................................................................... 14

Fed. R. Civ. P. 4(f)(3) ............................................................ 3, 4, 13

Fed. R. Civ. P. 60(b)(4) ................................................................. 15

Fed. R. Civ. P. 62.1 ......................................................................... 2

<u>Regulations</u>

22 C.F.R. § 92.85 ............................................................................. 8

<u>Other Authorities</u>

7 Foreign Affairs Manual § 951(c) ................................................... 8

Hague Conference on Private International Law, *Status Table, available at* http://bit.ly/27eyFNg ...................................................................... 7

Indian Declarations and Reservations to the Hague Service Convention, *available at* http://bit.ly/2oHI0dX ................................................................ 9

JURISDICTIONAL STATEMENT

The plaintiff-appellee, Sadis & Goldberg, LLP ("Sadis & Goldberg"), was a limited liability partnership whose partners resided in New York and New Jersey. (A14-15). The complaint alleges that the defendant-appellant, Sumanta Banerjee ("Banerjee"), was a "citizen of a foreign state, India, residing at 58/1 Ballygunje Circular Road, Kolkata, West Bengal, India 700019." (A15). The complaint does not allege Banerjee's domicile. It alleges that jurisdiction exists under 28 U.S.C. § 1332 without specifying any sub-section of the statute. (A15).

The allegation about Banerjee's residence is correct. But the allegation about Banerjee's citizenship is incorrect. Banerjee is a United States citizen. (A239). Moreover Banerjee did not just *reside* in India in 2014 as Sadis & Goldberg correctly alleged; his domicile was there also. An American citizen who is domiciled abroad, i.e., who is not domiciled in any state of the United States, is not a citizen of a state for purposes of 28 U.S.C. § 1332(a)(1), nor is he a "citizen[] or subject[] of a foreign state" for purposes of 28 U.S.C. § 1332(a)(2). *See Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828-29 (1989); *Herrick Co. v. SCS Communs., Inc.,* 251 F.3d 315, 322 (2d Cir. 2001). Therefore, the District Court never had subject-matter jurisdiction under 28 U.S.C. §§ 1332(a)(1) or 1332(a)(2).

We will shortly bring these matters to the attention of the District Court in a motion to vacate the judgment.[1]

Final judgment for damages entered on April 28, 2015 (A131-32).

On April 27, 2016, Banerjee moved to set aside the judgment and to vacate the entry of default (A133-36), arguing that the judgment was void because the service of process was insufficient. The District Court denied the motion by an order entered March 30, 2017 (A289-96). Banerjee filed a notice of appeal appealing from the order denying his motion on April 25, 2017 (A297). This Court has jurisdiction under 28 U.S.C. § 1291.

This appeal is from a final order that disposes of all parties' claims.

---

[1] Banerjee, who was proceeding *pro se* in the District Court, did not appreciate that his citizenship and domicile had jurisdictional significance. Therefore, he did not seek to vacate the judgment on the grounds that the court lacked subject-matter jurisdiction, and he did not put before the court the evidence of his US citizenship or all the evidence of his Indian domicile. In light of these facts, Banerjee will file a motion in the District Court to vacate the judgment for want of jurisdiction, *see* Fed. R. Civ. P. 62.1. If the judge indicates, during the pendency of this appeal, that she would grant the motion or that the motion raises a substantial issue, Banerjee respectfully requests that the Court decide the merits of this appeal rather than remanding the case before deciding. *See* Fed. R. App. P. 12.1(b) (the court "*may* remand for further proceedings …") (emphasis supplied). As this brief shows, the appeal presents an issue of first impression at the appellate level that has arisen frequently in the district courts and should be decided to avoid violations of the Hague Service Convention in future cases.

2

ISSUES PRESENTED FOR REVIEW

Rule 4(f)(3), Fed. R. Civ. P., permits the court to authorize service by alternate means "not prohibited by international agreement." When service is to be made in a country that is a party to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("the Hague Service Convention," or "the Convention"), and that has objected to service via postal channels under Article 10(a) of the Convention, may a district court authorize service by email?

STATEMENT OF THE CASE

The claim in this case is for allegedly unpaid legal fees Sadis & Goldberg had charged Banerjee on account of its work for him in *Tuckerbrook Alternative Investments, LP v. Banerjee,* an action in the District of Massachusetts. (A16-19). The appeal is from a decision of the District Court (Laura Taylor Swain, J.) denying Banerjee's motion to vacate a default judgment that had been entered against him. The decision is unreported but is available at 2017 U.S. Dist. LEXIS 48600.

Sadis & Goldberg brought an action against Banerjee in the Southern District of New York, *Sadis & Goldberg, LLP v. Banerjee,* No. 13-7355 ("the First Action") on October 18, 2013. (A116). The court dismissed the First Action for lack of subject-matter jurisdiction: Sadis & Goldberg had failed to allege the

3

citizenship of its partners in its complaint. (A116). In the First Action, Sadis & Goldberg sought to serve process on Banerjee at an address in Pennsylvania. (A82). Banerjee's wife informed Sadis & Goldberg that Banerjee did not reside at that address. (A84). Sadis & Goldberg also sought to serve process on Banerjee in the First Action in India by transmitting to the central authority designated by India under the Convention a request to make service of process. (A92-94). The central authority arranged for service of the papers on Banerjee's mother, who informed Sadis & Goldberg that Banerjee did not live with her. (A96-98).

On February 13, 2014, about a month after the dismissal of the First Action, Sadis & Goldberg brought the action that is at issue in this appeal. (A2). On March 12, 2014, Sadis & Goldberg sent a request for service to the Indian central authority, as it had done in the First Action. (A72-75). The address for service given on the request was Banerjee's correct address. It is the address that Sadis & Goldberg alleged as Banerjee's residence in its complaint (A15), and it is the address Banerjee himself had provided in an affidavit. (A137).

On June 13, 2014, Sadis & Goldberg moved for leave to serve process by alternate means, namely by email, pursuant to Fed. R. Civ. P. 4(f)(3). (A4). The court granted the motion. (A115-21). Sadis & Goldberg served the summons and complaint by email on July 7, 2014. (A123).

4

Banerjee did not appear in the action. On April 25, 2015, a default judgment entered. (A131-32).

On April 27, 2016, Banerjee, acting *pro se,* moved to set aside the judgment on the grounds that it was void, because the service of process was improper. (A133-36). The court denied the motion on March 30, 2017. (A289-96). Banerjee filed his notice of appeal from the denial of the motion on April 25, 2017. (A297).

## SUMMARY OF THE ARGUMENT

The Hague Service Convention, to which both the United States and India are parties, applies in civil or commercial matters whenever there is occasion to transmit a judicial document such a summons from the United States to India for service. When the Convention applies, it is mandatory, that is, service *must* be made by one of the methods the Convention authorizes or permits. The Convention applies in this case, because the case is civil or commercial and because Banerjee's address was known.

The Convention provides several channels for service: transmission of the documents to a central authority designated by the foreign state, which then serves the documents pursuant to its own law or using a method requested by the party making the request for service (Article 5); service via diplomatic or consular channels (Articles 8 and 9); service through postal channels (Article 10(a)); service through direct or indirect delivery of the documents to persons competent, under

5

the law of the foreign state, to make service (Articles 10(b) and (c)); and service under a law of the foreign state governing service of documents from abroad or under another applicable treaty (Articles 19 and 25).

The only one of these methods that even arguably permits or authorizes service by email is Article 10(a), on service by postal channels, assuming *arguendo* that email is within the postal channel. But the Convention gives states the power to object to the use of Article 10(a) to serve process in their territories, and India has made such an objection. Therefore, there is no provision in the Convention that could possibly authorize or permit service by email, and Sadis & Goldberg's service was insufficient.

The lower court decisions to the contrary, including in this case, wrongly reason that because Article 10(a) does not apply to service by email, a state's objection to service under Article 10(a) does not bar service by email. This reasoning is wrong because it is not enough to say that the Article 10(a) objection does not bar the service: a plaintiff must also point to a provision of the Convention other than Article 10(a) that authorizes or permits the service, and there is no such provision.

Because the service of process was insufficient, the judgment is void and must be vacated.

6

ARGUMENT

A.      Standard of Review

This is an appeal of an order denying Banerjee's motion to vacate the default

judgment as void for insufficient service of process. Because the question arises on

appeal of a denial of a motion to vacate a default as void, the Court reviews the

decision *de novo. See Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir.

2005).

B.      Background to the Convention

The Hague Service Convention is one of two multilateral conventions on

service of process in civil and commercial cases to which the United States is

party. Seventy-two states are party to the Convention, including India and many

other of the United States's leading trading partners. *See* Hague Conference on

Private International Law, *Status Table, available at* http://bit.ly/27eyFNg.

The main method for service that the Convention authorizes involves the

central authority that each state party designates to receive requests for service

from abroad. *See* Convention art. 2. A person who is competent under the law of

the state where the documents originate ("the sending state") forwards a request

form and the documents to be served to the central authority of the state where

service is to be made ("the receiving state"). *See id.* art. 3. The central authority

then serves the documents, or arranges for them to be served. *See id.* art 5. The

central authority can serve the documents by a method prescribed by the law of the

7

receiving state for the service of documents in domestic actions, by a particular method requested by the applicant, or simply by delivering the documents to the person to be served, if he or she agrees to accept them voluntarily, *see id.* art. 5. After service, the central authority returns a certificate of service. *See id.* art. 6.

The Convention also provides for several alternative channels of transmission. First, it provides for service by the diplomatic or consular personnel of the sending state. *See* Convention art. 8-9. These methods of service are generally unavailable to United States litigants, because the State Department forbids Foreign Service officers from serving process, except in "extremely rare" cases. *See* 22 C.F.R. § 92.85; 7 Foreign Affairs Manual § 951(c).

Second, the Convention provides for three additional alternate methods of sending documents abroad for service: (a) sending judicial documents "by postal channels, directly to persons abroad," *see* Convention art. 10(a); (b) competent persons of the sending state effecting service "directly through the … competent persons of the State of destination," *see id.* art. 10(b); and (c) interested persons effecting service "directly through the … competent persons of the State of destination," *see id.* art. 10(c). But the Convention allows states to object to these three alternate methods of service. *See id.* art. 10. States exercise their right to object to these methods by giving notice to the Netherlands Ministry of Foreign Affairs. *See* Convention art. 21. India has objected to all three of these alternate

methods of service. *See* Indian Declarations and Reservations, *available at* http://bit.ly/2oHI0dX. Thus these methods of service are not available when India is the receiving state.

Last, the Convention defines derogatory channels of transmission. The Convention does not affect provision of the internal law of a state party that "permit[] methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory." *See* Convention art. 19. The Convention also does not "derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties." *Id.* art. 25. But India and the United States are not both parties to any such convention.

C.    The Convention Is Mandatory

The Convention applies in "all cases, in civil or commercial matters, where there is occasion to transmit a judicial … document for service abroad." Convention, art. 1. This language is "mandatory," and thus if the Convention applies, service of process that is not effected in a manner authorized or permitted by the Convention is insufficient. *See Volkswagen AG v. Schlunk,* 486 U.S. 694, 699 (1988). So if the Convention applies, the plaintiff must make service using one of the methods that the Convention authorizes or permits.

9

D.      The Convention Applies to This Case

There is no question that the Convention applies to this case. The case is "civil or commercial." Sadis & Goldberg was attempting to serve the summons and complaint in India, so there was an "occasion to transmit a judicial … document for service abroad." The Convention does not apply if "the address of the person to be served with the documents is not known," *see* Convention art. 1, but Sadis & Goldberg knew Banerjee's address, pleaded it in the Complaint, and used it on the Request for Service form transmitted to the Indian central authority.

E.      Because The Convention Is Exclusive, And Because It Applies In This Case, Service By Email Could Be Proper Only If The Convention Authorizes Or Permits It

Since the Convention applies, and because it is mandatory, service by email on Banerjee was proper only if the Convention authorizes or permits service by email. *See Volkswagen,* 486 U.S. at 699. The Convention "specifies certain approved methods of service and pre-empts inconsistent methods of service wherever it applies." *Water Splash, Inc. v. Menon, Inc.,* 137 S. Ct. 1504, 1507 (2017) (citation and internal quotation marks omitted).

Thus it is not enough to say that the Convention *does not expressly forbid* service by email, or that India's objection to service by alternate means *does not expressly extend* to service by email. The question the Court must ask is: what

provision of the Convention affirmatively authorizes service by email? If there is none, what provision of the Convention at least permits service by email?

This is precisely the question the lower court, and several other lower courts in this Circuit, have failed to ask. Here, the judge held: "Article 10 does not address service by email. … Thus, although conceptual analogies can be drawn between email and postal service, India's lack of a specific objection to use of this technology, which is not a new technology, as a means of service leaves its use permissible." (A293).

The problem is that this reasoning focuses on the text of India's objection, not the text of the Convention. What article in the Convention authorizes or permits service by email? That is the key question the judge failed to address.[2] The

---

[2] The judge had lower court precedent to support her view. The first in the line of cases in this Circuit that have reasoned similarly was *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011), where the judge noted that India had "objected to the means of service described in Article [10]," and that Article 10 "is not applicable India," but that "where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *See also Fisher v. Petr Konchalovsky Found.,* 2016 U.S. Dist. LEXIS 31014, at *4 (S.D.N.Y. Mar. 10, 2016); *Sulzer Mixpac AG v. Medenstar Indus. Co.,* 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015); *FTC v. PCCare247 Inc.,* 2013 U.S. Dist. LEXIS 31969, at *9-11 (S.D.N.Y. Mar. 7, 2013). All of these cases note that the foreign state's objection did not expressly extend to email. None of these cases identify any provision of the Convention that authorizes or permits service by email.

question is key because the Convention is mandatory: when it applies, the plaintiff *must* use one of its methods of service. So it is not enough to say that the objection of a foreign state to service under Article 10 did not specifically object to service by email. Even acknowledging that India did not expressly object to service by email, what provision of the Convention justifies the service Sadis & Goldberg made?

F.    The Convention Neither Authorizes Nor Permits Service By Email

The answer to these questions is crystal-clear. *No* provision of the Convention, with the possible exception of the provision on service by postal channels, authorizes or permits service by email. And the provision on service by postal channels, Article 10(a), cannot apply here because of India's objection.

1.    Article 10(a) Does Not Permit Service By Email In This Case

One could argue by analogy that Article 10(a), which permits service by postal channels, also permits service by email, since electronic mail could be analogized to postal mail. That argument might or might not be successful in another case. But it is unavailable to Sadis & Goldberg in this case, because India has objected to "the methods of service provided in Article 10," including of course service under Article 10(a).

2.    <u>No Other Provision in the Convention Even Arguably Authorizes or Permits Service by Email</u>

There is no other provision of the Convention that could even arguably be read to allow service by email. Article 5, the provision on service via the foreign central authority, is obviously irrelevant. Nothing in Articles 8 or 9, which relate to service by diplomatic or consular channels, and nothing else in Article 10, which relates to service via competent persons under the law of the receiving state, is relevant, either. Sadis & Goldberg did not even attempt to show that service by email in a foreign action would be permissible under the law of West Bengal, where Banerjee is domiciled, *see* Convention art. 19,[3] and India and the United States are not parties to any other treaty concerning service of process, *see* Convention art. 25.

G.    <u>Rule 4(f)(3) Does Not Permit The Court To Authorize A Method Of Service That The Convention Does Not Allow</u>

Rule 4(f)(3) permits the Court to authorize alternative methods of service, but only if the method is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). We have already seen that the Convention is mandatory, and thus that

---

[3] In fact, there is no law in India, or in West Bengal more specifically, that authorizes service by email of documents coming from abroad. *See GMA Accessories, Inc. v. BOP, LLC,* 2009 U.S. Dist. LEXIS 85404, at *7-15 (S.D.N.Y. Aug. 28, 2009) (Article 19 refers only to "methods of service that specifically allow the service of documents coming from outside the country in question").

any method of service it does not permit is forbidden if the Convention applies. Therefore, the judge erred in authorizing service by email.

H.    <u>If Banerjee Lived In The United States, Both Of Sadis & Goldberg's Efforts To Serve Process In This Action Would Necessarily Fail</u>

It is evident from Sadis & Goldberg's papers that the firm believes that Banerjee's claim that he resided in India was a lie, and that in fact he resided in the United States. Of course, this assertion is belied by Sadis & Goldberg's own complaint, and in the motion to vacate the judgment for want of subject-matter jurisdiction that we have filed in the District Court, we show that not only did Banerjee *reside* in India, but that he had his *domicile* there at the time of the commencement of this case.

But if what Sadis & Goldberg believes were true, then the claim that Sadis & Goldberg had validly effected service of process would be even weaker than it is now. Sadis & Goldberg made *no* efforts to serve process on Banerjee in the United States in this action. It attempted service in two ways: by means of the Indian central authority; and by email. Service via the Indian central authority plainly would be ineffective if Banerjee were in the United States. And resort to the Convention, Fed. R. Civ. P. 4(f)(1), and seeking leave to serve process by alternate methods are permissible only if Banerjee was to be "served at a place not within any judicial district of the United States." Fed. R. Civ. P. 4(f).

14

If, contrary to the complaint, Banerjee actually lived at an address in Pennsylvania as Sadis & Goldberg now asserts, Sadis & Goldberg could easily have effected service by leaving the summons at that address "with someone of suitable age and discretion who resides there," for example, Banerjee's wife. *See* Fed. R. Civ. P. 4(e)(2)(B). That is precisely what Sadis & Goldberg did in the First Action, and precisely what it did not attempt in this action.

I.    Because The Service Of Process Was Insufficient, The Judgment Is Void

Banerjee's motion to vacate was brought under Fed. R. Civ. P. 60(b)(4), which applies when the claim is that the judgment was void. A judgment is void when the court failed to obtain jurisdiction because service of process was not effected. *See Burda Media, supra* at 298; *M&K Welding, Inc. v. Leasing Partners, LLC,* 386 F.3d 361, 364 (1st Cir. 2004); *Combs v. Nick Garin Trucking,* 825 F.2d 437, 442 (D.C. Cir. 1987). Because the service of process here was improper, the judgment was void, and the judge erred by denying the motion to vacate it.

<u>CONCLUSION</u>

The Hague Service Convention simply does not permit service by email in countries such as India that have objected to service by postal channels. The service of process here was improper, and the judgment was void. The Court should reverse the decision denying Banerjee's motion to vacate the judgment and the default and remand for further proceedings.

Respectfully submitted,

/s/ Theodore J. Folkman

Theodore J. Folkman
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tfolkman@murphyking.com

*Counsel for Sumanta Banerjee*

Dated:        August 3, 2017