# EXHIBIT 25

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TUCKERBROOK ALTERNATIVE INVESTMENTS, LP,  )<br>  )<br>Plaintiff  )<br>  )<br>v.  )<br>  )<br>SUMANTA BANERJEE,  )<br>  )<br>Defendant  )<br>  ) | CASE NO. 12-CV-11643-JCB |

**PLAINTIFF TUCKERBROOK ALTERNATIVE INVESTMENTS LP'S
<u>MOTION TO DEEM SERVICE OF PROCESS EFFECTUATED</u>**

Plaintiff Tuckerbrook Alternative Investments, LP ("Tuckerbrook") hereby moves to deem service of process effectuated against Defendant Sumanta Banerjee ("Banerjee") as of September 10, 2012. In support of its motion, Tuckerbrook states as follows:

1.  Mr. Banerjee has played cat and mouse with Tuckerbrook for years. This action is a renewed pursuit of claims that Tuckerbrook previously tried to settle with Mr. Banerjee in connection with the proceeding in this Court, Docket Number 09-11672-WGY (the "Original Action").

2.  In connection with the Original Action, Tuckerbrook was forced to chase Mr. Banerjee around the Globe as he actively ducked service. This Court entered a default against Mr. Banerjee, which Mr. Banerjee succeeded in vacating.

3.  Even then, Tuckerbrook was then forced in the Original Action to file a motion to deem service of process effectuated, (Document 14), which this Court granted on April 2, 2010. A true copy of Tuckerbrook's prior motion is attached as <u>Exhibit 1</u> for the Court's convenience.

4. On or about June 29, 2011, Tuckerbrook and Banerjee entered into a settlement agreement, a material term of which was that Banerjee would appear for his deposition and testify truthfully.

5. On July 21, 2011, Mr. Banerjee appeared for his deposition.

6. After Mr. Banerjee testified, Tuckerbrook challenged his truthfulness. In accordance with the terms of the settlement agreement, the parties submitted the issue of Mr. Banerjee's truthfulness to a neutral arbitrator, the Honorable Margaret Hinkle of JAMS Arbitration.

7. On September 7, 2011, this Court ordered the administrative closure of the case, tolled the statute of limitations, and allowed for a motion to re-open if the moving party demonstrated that the impediment to trial had been removed.

8. On May 9, 2012, Arbitrator Hinkle issued her decision, finding that Mr. Banerjee testified untruthfully and declaring the settlement between the parties null and void in accordance with its terms.

9. Because the settlement was been declared void, Tuckerbrook is entitled to proceed to prosecute its claims against Mr. Banerjee.

10. Tuckerbrook accordingly moved to re-open the Original Action against Mr. Banerjee (Document 52), which motion this Court granted on June 4, 2012.

11. On June 27, 2012, however, at a status conference, this Court determined that the motion to re-open the Original Action had been improvidently granted, and ordered Tuckerbrook to file a new action against Mr. Banerjee.

12.   When Tuckerbrook's counsel asked that it be permitted to proceed with the existing action, the difficulty serving Mr. Banerjee was raised as a significant problem. The Court recognized the issue and engaged in the following exchange with Mr. Banerjee, who was present in court that day:

> **THE COURT:** ... Now, he's here, physically. Maybe – I'll ask him this. You have no problem, since you're physically present, and indeed you were residing in Connecticut, I understand.
>
> **MR. BANERJEE:** Well, we have a house in India and in Connecticut.
>
> **The COURT:** Right. But you'll accept service?
>
> **MR. BANERJEE:** Now?
>
> **THE COURT:** Yes, on a renewed complaint.
>
> **MR. BANERJEE:** Yes. I mean sure.
>
> **THE COURT:** All right. They'll serve you in the ordinary course at your home in Connecticut. I will deem that sufficient.
>
> Is that all right?
>
> **MR. BANERJEE:** Yes, that's fine.

Status Conference Transcript, June 27, 2012 at 9-10 (true copy attached as <u>Exhibit 2</u> for the Court's convenience).

13.   Contrary to Mr. Banerjee's representation to the Court, he has not accepted service, but instead has engaged in his usual game of cat and mouse.

14.   On September 10, 2012, Tuckerbrook forwarded the summons and complaint to Mr. Banerjee by electronic mail at 3 email addresses at which Tuckerbrook had previously corresponded with Mr. Banerjee (including the address,

sbaner@gmail.com, from which he had previously corresponded with this Court). A true copy of the correspondence is included in the email chain attached to the accompanying Affidavit of Sean T. Carnathan as Exhibit A.

15. Mr. Banerjee did not respond to the September 10, 2012 email.

16. On September 17, 2012, Tuckerbrook accordingly sent the summons and complaint to Mr. Banerjee by certified mail at his address in Connecticut. Mr. Banerjee never accepted the package. A true copy of the USPS "Track and Confirm" report is attached to the Carnathan Affidavit as Exhibit B.

17. In the meantime, Tuckerbrook's Connecticut counsel has continued to correspond with Mr. Banerjee at the very same email addres, sbaner@gmail.com, in connection with other litigation pending in Connecticut, with regard to which has been served with a subpoena to testify.

18. On October 10, 2012, Mr. Banerjee responded to correspondence from Tuckerbrook's Connecticut counsel in an email on which Sean Carnathan was copied. A true copy of the email from Mr. Banerjee is attached to the Carnathan Affidavit as Exhibit C.

19. Less than 20 minutes later, Mr. Carnathan again forwarded the summons and complaint to Mr. Banerjee at this same email address, sbaner@gmail.com. See Carnathan Aff. Exhibit A. Mr. Banerjee never responded.

20. Mr. Banerjee's continues to play games in avoiding service in direct violation of his representation to this Court.

4

21. Pursuant to Fed. R. Civ. P. 4(f)(3), this Court has broad discretion to intervene and declare service effectuated. See Docket Number 09-11672-WGY, Document 14 at 4-6, attached hereto as Exhibit 1 and incorporated herein by reference.

22. The Court should deem service effected on September 10, 2012, and declare that it will enter a default against Mr. Banerjee under Fed. R. Civ. P. 12(a)(1)(ii) if he does not answer the Complaint on or before November 9, 2012. Mr. Banerjee waived service in open court. He was served by electronic mail on September 10, 2012. Under the Rule, he gets 60 days to answer. He should be held to that time period or defaulted.

WHEREFORE, Tuckerbrook respectfully requests that the Court exercise its discretion to declare service effectuated as of September 10, 2012 and further award Tuckerbrook its attorneys' fees and costs incurred in bringing this motion.

Respectfully submitted,

/s/ Sean T. Carnathan
Sean T. Carnathan (BBO #636889)
Email: scarnathan@ocmlaw.net
O'Connor Carnathan & Mack LLC
Landmark One
1 Van de Graaff Drive, Suite 104
Burlington, MA 01803
Telephone: 781.359.9000
Facsimile: 781.359.9001

Dated: October 26, 2012

## CERTIFICATE OF SERVICE

I, Sean T. Carnathan, hereby certify that a true and accurate copy of the foregoing Motion has been filed and served through the Court's electronic filing system, this 26th Day of October, 2012 and has been served on Sumanta Banerjee by electronic mail at sbaner@gmail.com.

/s/ Sean T. Carnathan
Sean T. Carnathan

4842-8781-6465, v. 1