# EXHIBIT 29

CONFIDENTIAL SEPARATION AGREEMENT BETWEEN
Sumanta Banerjee and Akshita Banerjee
With effect from June 19, 2012

Sumanta Banerjee was residing at 23 soundview farm rd, weston, Connecticut 06883, but is a permanent resident at 58/1 Ballygunje Circular Rd, Kolkata, West Bengal, India 700019, born May 21, 1966, and Akshita Banerjee of 23 Soundview Farm Rd, Weston, Connecticut 06883, born August 21, 1969, being sworn do hereby state the following statements are true and correct and that except as otherwise specifically stated in this Agreement, this Agreement serves as a full and final settlement of all matters of joint concern for the parties, including all property rights, debts, spousal support, child custody, visitation, and child support. The parties agree this Agreement contains a fair, just and equitable division of property and debts and is satisfactory to both parties. This Separation Agreement will not be filed in Court at this time but will govern marital separation and remain in effect from the date signed. Any formal separation or petition for divorce can be filed by either party to this Separation Agreement, however, this Agreement and the arrangements hereunder will remain in force and in effect and cannot be altered or modified unless by mutual consent. If mutual consent cannot be obtained at the time of formal filing of Separation or Divorce, this Agreement and the arrangements hereunder will remain in effect in the formal Separation or Divorce filed with the Courts.

1. JURISDICTION. Sumanta Banerjee and Akshita Banerjee acknowledge they have both resided in Fairfield County for 15+ years which satisfies the residency requirements of the State of Connecticut.

2. ARMED FORCES. Neither party is a member of the Armed Forces.

3. MARRIAGE DATE. The parties were married to each other on February 15, 1990 in Wooster, Ohio and 3 children were born to this marriage.

   The remaining minor children of the marriage are as follows:

   

   The parties are not currently expecting any children.

4. SEPARATION DATE. The parties date of separation is June 19, 2012.

5. CAUSE OF DISSOLUTION: Irreconcilable differences.

6. DISCLOSURE. The parties acknowledge that each has made a full disclosure of all assets and debts owned jointly or individually. Whether community or separate

Joint Exhibit
**006**
14-cv-00913(LTS)(OTW)

BANER-000482

property, nothing has been withheld and each party believes the other has been truthful in their disclosure.

7. INCOME. Sumanta Banerjee has a total gross monthly income from various sources in India of approximately $10,000.00.

Akshita Banerjee has income from various sources of monthly roughly $5000.00.

8. CHILD CUSTODY & VISITATION.

   a. **Legal Custody.** Legal custody for the purpose of this agreement refers to the authority to make major decisions regarding minor children of the marriage, which can include but are not limited to health care, religion, and education. The parties agree to maintain joint legal custody of their minor children.

   b. **Physical Custody.** Physical custody for the purpose of this agreement refers to the authority to make routine and day-to-day decisions regarding the children and where the children's primary residence will be. The Children will remain with Akshita, but Sumanta will be able to have custody at any time.

   c. **Parenting Time/Visitation.** The non-custodial parent will have visitation with the minor children as follows:

   As often as Sumanta would prefer, however, all three children will reside with Akshita.

   d. **Transportation.** Sumanta Banerjee shall be responsible for all costs of transportation to exercise visitation.

   e. **Notification.** The parties agree that neither party will change the residence of the minor children of the parties without adequate prior written notification and mutual agreement. The parties further agree that this visitation and custody agreement will be reassessed if either party relocates and the new residence makes the current agreement unfeasible to manage. The parties agree to provide one another with their current phone number and physical address.

   f. **Childcare.** The parties agree to allow one another the first opportunity to have the children if he or she is unable to care for the children during their scheduled time. The parties agree to work together to make decisions regarding childcare providers.

   g. **Health Insurance.** All childcare costs including healthcare will be borne by Akshita; future college education to be borne by parents jointly.

   h. **Non-Covered Medical.** The parties agree that each party shall be responsible for 50% of any non-covered or co-pay expenses related to medical, dental,

BANER-000483

optometric, orthodontic, physical therapy, psychiatric or pharmaceutical needs of the minor children. A parent shall provide the other with a statement documenting any payments made and the other parent shall reimburse the paying parent within 30 days of receipt of this statement.

i. **Taxes Related to Children.** Yes-- will be shared equally

j. **Parental Rights and Responsibilities.** Each parent has the following rights and responsibilities unless they relinquish their parental rights:

   i. Right to access and obtain copies of the children's educational, medical, dental, religious, insurance, and other records or information.
   ii. Right to attend educational conferences concerning the children. This right does not require any school to hold a separate conference with each parent.
   iii. Right to reasonable access to the children by written, telephonic, and electronic means.
   iv. Duty to inform the other parent as soon as reasonably possible of a serious accident or serious illness for which the children receive health care treatment. The parent shall provide to the other parent a description of the serious accident or serious illness, the time of the serious accident or serious illness, and the name and location of the treating health care provider.
   v. Duty to immediately inform the other parent of residential telephone numbers and address, and any changes to the same.
   vi. Duty to keep the other parent informed of the name and address of the school the children attend.

The court (if this agreement is filed with appropriate court) shall include, in an order establishing or modifying parental rights and responsibilities, the rights and duties listed in this section; however, the court may restrict or exclude any right or duty listed in this section if the order states the reason in support of the restriction or exclusion. The court shall consider any domestic violence protection orders relating to the parties when determining whether to restrict or exclude any right or duty listed in this section.

9. CHILD SUPPORT.

The parties have agreed to child support in the amount of $3000.00 monthly which is based on spousal agreement. The parties acknowledge that the child support order, which would result from the application of the Child Support Guidelines, is different.

Child support payments will commence the 1st day of the month following the entry of the divorce decree. Child Support payment must be paid by the 1st day of the month directly to the custodial parent.

10. **COOPERATION AGREEMENT.** The parties agree to cooperate with one another in signing any papers or legal documents needed to finalize this agreement or any provision contained in this agreement, including deeds, title certificates, etc. Within 10 days of notification of Entry of Judgment, the parties shall execute any document, transfer papers, titles or other documents to effect the provisions of this Agreement and any resulting Decree of Divorce. In the event a party fails to sign transfer documents, the final Decree of Divorce shall operate to transfer title.

11. **DIVISION OF ASSETS.** Each party shall receive any and all, tangible and intangible, property in his/her possession unless stated otherwise in this agreement.

    a. **Marital Home.**
    The parties agree Akshita Banerjee will remain in the home located at 23 soundview farm rd, Weston, Connecticut 06883 and have sole and absolute ownership of the same. Akshita Banerjee will continue to be bound for all mortgages on the property.

    b. **Financial Accounts.** Sumanta Banerjee and Akshita Banerjee own and agree to divide their financial accounts and investments.

    Account Name/Number: LEXUS
    Financial Institution: _____
    Current Account Owner: AKSHITA/SUMANTA
    Husband Receives: 0%
    Wife Receives: 100%

    Account Name/Number: VOLVO
    Financial Institution: _____
    Current Account Owner: AKSHITA/SUMANTA
    Husband Receives: 0%
    Wife Receives: 100%

    Account Name/Number: ZBAC LLC
    Financial Institution: _____
    Current Account Owner: AKSHITA/SUMANTA
    Husband Receives: 0%
    Wife Receives: 100%

    c. **Personal Property.** The parties agree each will receive their own personal property items currently in their possession.

    Sumanta Banerjee and Akshita Banerjee agree to divide the following personal property items as follows in either case of Separation or Divorce:

    Item: DIAMOND RING -3.0 carats
    Description: THREE STONE RING-PRINCESS CUT

BANER-000485

Current Value: $100,000.00
Owner after Separation in effect as per Agreement: Akshita Banerjee

Item: WEDDING BAND
Description: DIAMOND BAND
Current Value: $20,000.00
Owner After Separation in effect: Akshita Banerjee

Item: GOLD JEWELRY
Description: GOLD + GREEN STONE NECKLACE
Current Value: $20,000.00
Owner after Separation in effect as per Agreement: Akshita banerjee

Item: ALL OTHER WATCHES + JEWELRY
Description: CHARRIOL JEWELRY+ROLEX WATCH+LADIES TAG WATCH
Current Value: $25,000.00
Owner after Separation in effect as per Agreement: Akshita Banerjee

Item: WATCHES
Description: MENS TAG + BREITLING
Current Value: $10,000.00
Owner after Separation in effect as per Agreement: sumanta banerjee

    d. **Other Assets.** Sumanta Banerjee and Akshita Banerjee own and agree to divide the any remaining US assets, equitably. Any and all assets in India will be owned by Sumanta Banerjee.

12. BUSINESS RIGHTS. Sumanta Banerjee and Akshita Banerjee agree to divide their current business interests as follows:

Business Name: ZBAC LLC
Total Ownership: 100%
Husband Will Retain: 0%
Wife Will Retain: 100%

Business Name: ZBAC ENTERPRISE
Total Ownership: 49%
Husband Will Retain: 100%
Wife Will Retain: 0%

Business Name: SASSA PARTNERS
Total Ownership: 49%
Husband Will Retain: 100%
Wife Will Retain: 0%

BANER-000486

INSURANCE: any Insurance proceeds in the event of death of either party, Akshita or Sumanta, will be for the benefit of the three children (Suneel, Sujan, and Aashna) and to be divided equally amongst them.

REAL ESTATE: Sumanta is a part owner of real estate properties in India which Akshita will have no claim, at any time.

13. DEBTS. Each spouse will be responsible for any indebtedness incurred in his or her individual name prior to the date of marriage unless otherwise specifically stated in this agreement. Each spouse will be responsible for any indebtedness incurred in his or her individual name subsequent to the date of separation June 19, 2012 unless otherwise specifically stated in this agreement. Each spouse will be responsible for any indebtedness incurred in his or her individual name during the course of the marriage unless otherwise specifically stated in this agreement.

14. SPOUSAL SUPPORT/ALIMONY.

   To be decided, once the document is submitted to the Court. Spousal support payments shall be paid no later than the November 1, 2012 day of the month. For the benefit of the children, Akshita and Sumanta will support each other as needed.

15. NAME CHANGE. Neither party is seeking to change their name at this time but both reserve the right to bring an action before the court at a later date.

16. TAXES. Akshita and Sumanta shall be jointly responsible for taxes.

17. FUTURE DISPUTE SETTLEMENT. The parties agree that if any dispute, question, disagreement, or change occurs affecting the terms of this Agreement, they will work together to negotiate with each other in good faith, in consideration of their mutual interest, with the purpose of reaching a solution, which is beneficial for the parties. In the event negotiations fail, the parties agree to first seek mediation, through a qualified mediator selected jointly by the parties. Either party may terminate mediation at any time. In the event the dispute is not resolved, either party may motion the Court governing this Agreement and the resulting decree of divorce or judgment for a decision regarding the disputed matter.

18. FULL DISCLOSURE OF ASSETS AND LIABILITIES. The parties hereby represent that they have each made full disclosure to the other party of their individual assets. Each represents that he or she has provided the other with a current financial statement in the proper form pursuant to Rule 401 of the Supplemental Probate Court Rules, which discloses fully and completely all of his or her income, assets, expenses and liabilities. By executing this Agreement, the parties represent that the terms and provisions of this Agreement are fair, just and reasonable and are not the product of fraud, coercion or undue influence and that each signs this Agreement freely and voluntarily.

BANER-000487

19. SUBMISSION OF AGREEMENT TO COURT. The parties each agree that this Separation Agreement shall be submitted to the Court for a judge's approval of the terms and entry of Judgment of Divorce at a date to be determined by the parties. However, this Agreement and the arrangements hereunder will remain in effect from the date of execution of this Agreement and form the basis of the separation of marriage. This will also be the operative document for the filing with the Court if determined by the parties for a formal grant of either Separation or Divorce. This Agreement can be terminated by mutual consent only.

BANER-000488

By executing this agreement, which is in effect from the 19th of June, 2012, I swear that to my knowledge the information contained herein is a full and complete disclosure and it is my intention that this Agreement is a full and final division of the property and debts involved in this marriage and that I am satisfied with the agreement contained herein.

Dated: 6/19/12    Signature: _Sumanta Bj_

Sumanta Banerjee
23 Soundview Farm Rd
Weston, CT 06883

Permanent Address
58/1 Ballygunje Cir Rd
Kolkata, West Bengal, India 70
203 501 0797
203 533 4342


Dated: 9/18/12
Signature: _Sumanta B_

Sumanta Banerjee
58/1 Ballygunje Cir Rd
Kolkata, West Bengal, India 700019
203 501 0797
203 533 4342

NOTARY PUBLIC

The foregoing instrument was acknowledged before me this _18_ day of _SEPTEMBER_, _2012_, by Sumanta Banerjee.

_LouEllen Emery_
Signature of person taking acknowledgment

_NOTARY PUBLIC_
Title or rank

_1045766_
Serial number, if any

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Lou Ellen Emery, Notary Public
Bethel Park Boro, Allegheny County
My Commission Expires June 17, 2014

BANER-000489

By executing this agreement I swear that to my knowledge the information contained herein is a full and complete disclosure and it is my intention that this agreement is a full and final division of the property and debts involved in this marriage and that I am satisfied with the agreement contained herein.

Dated: 6/19/12

Akshita S. Banerjee
23 soundview farm rd
weston, Connecticut, 06883
203 501 0796

Dated: 9/18/12

Akshita S. Banerjee
23 soundview farm rd
weston, Connecticut, 06883
203 501 0796

NOTARY PUBLIC

The foregoing instrument was acknowledged before me this  18  day of SEPTEMBER, 2012, by Akshita Banerjee.

_____
Signature of person taking acknowledgment

NOTARY PUBLIC
Title or rank

1045766
Serial number, if any

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Lou Ellen Emery, Notary Public
Bethel Park Boro, Allegheny County
My Commission Expires June 17, 2014

BANER-000490