IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SADIS & GOLDBERG, LLP,

        Plaintiff,                      19cv1682
                                         ELECTRONICALLY FILED

        v.

AKSHITA BANERJEE, SUMANTA BANERJEE,

        Defendants.

**Memorandum Order denying Motion to Set Aside Default Judgment**

**I.    Introduction**

Currently pending before this Court is Defendants' (husband Sumanta and wife Akshita Banerjee's) Motion to Set Aside the Default Judgment entered against them on February 18, 2020. Doc. 12 and Doc. 14. The Complaint in this case was filed on December 31, 2019, and the Summons was returned executed by a process server by hand-delivery on Defendant-wife Akshita Banerjee at the Allegheny County residence of the Banerjees, on January 14, 2020. Doc. 5 and Doc. 6. On January 31, 2020, the same day the Answer was due, Plaintiff stipulated to an extension of time to Answer the Complaint, after Plaintiff's local counsel received a telephone message from Defendant-wife Banerjee and had two subsequent conversations with her, wherein she requested additional time to respond to the Complaint. This Court, however, denied said Stipulation until counsel entered an appearance on behalf of Defendants. Doc. 9. No appearance on behalf of Defendants was entered, and instead on February 18, 2020 (following an email by local counsel to Defendants stating its intent to request default),

1

Plaintiff filed a Motion for Default/Default Judgment, seeking a sum certain of $539,956.00 plus costs against Defendants, which the Clerk of Court entered on February 20, 2020.  Doc. 13.[1]

On July 15, 2020, counsel on behalf of Defendants has filed the instant Motion to Set Aside the Default Judgment (doc. 14), attaching no sworn declarations, and Plaintiff has filed its Opposition thereto with supporting Affidavits/documents and Brief.  Doc. 17 and Doc. 18.

## II. Background

The parties are no strangers to litigation with each other, having been embroiled in lawsuits pending in the Southern District of New York since 2013 (the Original lawsuit was filed in October of 2013 and later dismissed without prejudice and was refiled in February of 2014).  The basis of the underlying dispute, which is relevant to this litigation, stems from Defendant-husband's alleged unpaid legal bills in the amount of $379,652.37, for services rendered by the Sadis & Goldberg Law Firm, dating back to 2009.

The Banerjees are also no strangers to the act of being served with legal process, having default/default judgment entered against them, and later claiming that they did not receive legal process, as a basis to lift the defaults/default judgments.  In the New York litigation (*Sadis & Golberg, LLP v. Banerjee*, No. 14-cv-913 (LTS) (SDNY)), as well as two cases in Massachusetts (*Tuckerbrook Alt. Invs, LP v. Banerjee*, No. 09-cv-11672 (WGY)(D. Mass.) and *Tuckerbrook Alt. Invs., LP v. Banerjee*, No. 12-cv-11643 (GAO

---

[1] Notice of default/default judgment was also sent by email to Defendants and by hard copy delivered to their home by FedEx.  Doc. 12-6 and Doc. 12-7.

(D. Mass.)), which formed the contractual basis for the legal relationship between Plaintiff and Defendants (as Plaintiff was hired by Defendant-husband to represent him in two Massachusetts lawsuits pending against him), Defendants made eerily similar arguments before those Courts, but ultimately the Courts in both Massachusetts and New York were unconvinced by those arguments.

In the New York litigation, Defendant-husband even waited until the final day to make a motion to vacate the default judgment, a year after default judgment was entered, and unsuccessfully sought the Court set aside the default judgment.  Defendant raised the same issues as in this case - - that he did not have actual notice of the lawsuit, that he was not served, and that he had meritorious defenses.  The District Court in the New York litigation did not find Defendants' positions to be convincing and declined to set aside the default judgment.  Specifically, the Honorable Judge Laura Taylor Swain rejected Defendant-husband's argument that he had never been properly served, did not have notice of the New York litigation, and failed to proffer a meritorious defense.  Doc. 17-14 at 1,7.  That ruling was appealed, and the United States Court of Appeals for the Second Circuit agreed with the default judgment but remanded the case on the basis of subject matter jurisdiction as Defendant-husband claimed for the first time on appeal that he is a resident of India, not of Pennsylvania, where his wife was served on his behalf at their Allegheny County residence.  Plaintiff, in its Opposition, raises numerous other sworn factual contentions related to the Defendants pattern of dishonesty and evasion of legal process, which the Court notes and incorporates herein.  See Doc. 18.  Plaintiff also attaches filings, which are matters of public record, from the numerous cases, to establish a pattern by Defendants related to this conduct.

Plaintiff's theory of the basis for this pattern of willful defaults and fraudulent transfers of assets, which is essentially the subject of this lawsuit, centers upon its allegations that Defendants, while engaging in this purposeful course of evasion of its secured creditors, continue to improperly shift assets to avoid judgments, both to relatives in India and to Defendant-wife Akshita Banerjee, here in the Western District of Pennsylvania. In fact, the Complaint in this case, filed on December 31, 2019, alleges that Defendant-husband fraudulently transferred, and Defendant-wife fraudulently accepted, a large sum of money (approximately $431,610.00) in order to avoid paying creditors, namely Plaintiff, and related judgments. Doc. 1. Notably, according to the Complaint, these transfers occurred while the New York litigation was pending and Defendants were aware of that litigation, Defendant-wife having accepted legal process on Defendant-husband's behalf. Doc. 1, at Paragraph 53. In Defendant-wife's 2019 deposition, in the New York litigation, she testified that the money from Defendant-husband was used to pay building costs for their home in the affluent community of Upper St. Clair, Pennsylvania. Doc. 1 at paragraph 56. It is worth noting that the home is listed in the name of Defendant-wife, and her father, not Sumanta Banerjee. Doc. 1 at paragraph 38. These transfers, according to the Complaint, violate the Pennsylvania Uniform Fraudulent Transfer Act (12 Pa. C.S. Section 5104), as well as the New York Debtor and Creditor Law.

### III. Discussion

Where, as is the case here, a party seeks to have a default judgment vacated, Fed. R. Civ. Pr. 60(b) is applicable (as opposed to entry of default under Fed. R. Civ. Pr. 55). Rule 60(b) provides that on motion and just terms, the Court may relieve a party or its

legal representative from a final judgment for several reasons including: (1) mistake, (2) inadvertence, (3) surprise, or (4) excusable neglect. *FROF, Inc. v. Stuart C. Harris and Roger Maggio*, 695 F.Supp. 827, 830 (E.D. Pa. 1988).

Specifically, Rule 60(b), "lists six reasons for which a 'court may relieve a party or its legal representative from a final judgment, order, or proceeding.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (quoting FRCP 60(b)). The six reasons are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FRCP 60(b).

Although default judgments are generally disfavored, courts "cannot apply this presumption against default judgments if doing so would be inconsistent with the Federal Rules of Civil Procedure or our case law interpreting these Rules." *Id*. at 258; *Pennsylvania Land Holdings Corp. v. Mason*, No. 2:06CV1150, 2008 WL 3246868, at *2 (W.D. Pa. Aug. 6, 2008).

In addition to a finding of mistake, inadvertence, surprise, or excusable neglect, or the like, the United States Court of Appeals for the Third Circuit requires that the Court undertake three additional inquiries: (1) whether granting of the motion would work prejudice to Plaintiffs; (2) whether a meritorious defense had been presented by Defendants in support of their motion to set aside the default, and (3) whether the default

5

was the result of Defendants' culpable conduct.  *FROF, Inc.*, 695 F.Supp. 827, 830-31. *Budget Blinds*, 536 F.3d at 256.

Keeping in mind that all doubts should be resolved in favor of the movant who seeks to set aside the default judgment, *Medunic v. Lederer*, 533 F.2d 891, 893-894 (3d Cir. 1976), the Court finds that Defendants have wholly failed to submit valid reasons supporting their contention of mistake and/or excusable neglect in this case, and the granting of the motion would work a great prejudice to Plaintiff based upon the willful conduct of Defendants herein.

The Court finds that Defendants were properly served by the process server on January 10, 2020, under FRCP 4(e)(2)(A)&(B), when he placed the Summons and Complaint in Defendant-wife's hands.  Doc. 17-1 (McCarthy Aff. ¶¶ 6-7, Ex. A). The proofs of service executed by the process server (DeMasi) (Id. ¶ 7, Exs. B-C), an impartial process server with no reason to lie, create a "presumption that proper service was effectuated*." Hunt Optics & Imaging, Inc. v. Greene*, No. CIV.A. 10-503, 2010 WL 3303792, at *2 (W.D. Pa. Aug. 19, 2010); accord *FROF, Inc.*, 695 F. Supp. 827, 829 ("[A] bare allegation by a defendant that he was improperly served cannot be allowed to bely [sic] the private process server's return.").   Moreover, Defendant-wife, obviously knowing the Answer due date and contacting Plaintiff's local counsel on said due date, January 31, 2020, to discuss this Action and seek an extension (Doc 17-1, McCarthy Aff. ¶¶ 9, 11-12, Ex. D) is further evidence of proper service and conclusive proof that she was fully aware of this lawsuit.  Therefore, the judgment is not "void" for lack of proper service and Defendants' failure to Answer was not due to "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1) & (4).  Although Defendants claim in

their motion to having not been present at their residence on the date/time the process server arrived (7:16 am on 1/10/20), those statements are not credible and, in any event, do not constitute a valid refutation to Plaintiff's sworn declarations.

The only remaining clause in Rule 60(b) which could arguably be claimed by Defendants in their moving papers is the catch-all "any other reason that justifies relief." FRCP 60(b)(6). However, in order to set aside a default judgment pursuant to Rule 60(b)(6), Defendants "must demonstrate the existence of extraordinary circumstances that justify reopening the judgment." *Budget Blinds*, 536 F.3d at 255 (internal quotations omitted); accord *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Demonstrating "extraordinary circumstances" exist "requires a showing of an extreme and unexpected hardship." *Johnson v. United States*, 375 F. App'x 273, 275 (3d Cir. 2010). Nowhere in their papers do Defendants demonstrate "extraordinary circumstances" or extreme and unexpected hardship.

With respect to the concept of Defendants alleging a meritorious defense, the Court does not find that factor to weigh in their favor either. Moreover, contrary to Defendants claim, there is no problem of conflicting judgments between this action and the New York litigation. Indeed, the District Court in the New York litigation already held that Defendant-husband does not have a meritorious defense because "the plain and unambiguous terms of that agreement . . . reflect Defendant's outstanding debt to Plaintiff." Ex. 14 at 7. In fact, the only issue currently before the District Court in the Southern District of New York is whether there was diversity jurisdiction at the time the

action was filed. See Ex. 16 at 3. Even if Defendant-husband were to prevail on that issue, the debt would <u>not</u> be extinguished, only Plaintiff would be required to remand its claims to state court. Finally, this action seeks to undo the fraudulent transfers, which is a separate tort that has not been brought in the New York litigation, and against Defendant-wife, who was not sued in the New York litigation. And, as for Defendants contention that there is a statute of limitations problem, Plaintiff has adequately alleged that it was not known to them until the deposition of Defendant-wife in 2019 that the fraudulent transfers even occurred.

This Court, upon consideration of the three factors of prejudice to Plaintiff, the availability of a meritorious defense, and a pattern of tactics evidencing culpability of Defendants (set forth hereainbove), the Court finds against Defendants on their request to set aside the default judgment. In sum, all of these factors weigh in favor of upholding the default. See *Hritz v. Woma Corp.*, 732 F.2d 1178, 1184 (3d Cir. 1984) (upholding trial judge's decision "to enter a default judgment" where the defendant "callously disregarded repeated notices of a judicial proceeding"). Culpable conduct by defendants includes "willfulness," "bad faith," "acts intentionally designed to avoid compliance," and "[r]eckless disregard for repeated communications from plaintiffs." *Hritz*, 732 F.2d at 1183; *Sunoco, Inc. (R & M) v. Glob. Recycling & Demolition, LLC*, 300 F.R.D. 253, 257 (E.D. Pa. 2014) ("Conduct is culpable when the conduct leading to entry of default was 'willful, intentional, reckless or in bad faith"). Here, Defendants have not responded to the Complaint despite proper service and repeated notices from Plaintiff's local counsel, (McCarthy Aff. ¶¶ 14-15, Exs. E-G) and New York counsel (Exs. 8, 10-12). In conclusion, it strains credulity for this Court to believe Defendants' unsworn statements

8

that they were unaware of this litigation, a position that, unfortunately, is all too familiar to them.  It would be unfairly prejudicial to Plaintiff to countenance Defendants obfuscation tactics yet again while Defendants continue to shift assets in an attempt to become judgment proof.

For these reasons, the Court HEREBY DENIES the instant motion to set aside the default judgment.  [Doc. 14](Doc. 14).

**SO ORDERED** this 28th day of July, 2020.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:  All Registered ECF Counsel and Parties