IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SADIS & GOLDBERG, LLP,** | CIVIL ACTION NO. 2:19-CV-01682-AJS |
| **Plaintiff,** | |
| vs. | |
| **AKSHITA BANERJEE AND SUMANTA BANERJEE,** | |
| **Defendants.** | |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE OR
MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff, Sadis & Goldberg, LLP ("Sadis" or "Plaintiff"), by its undersigned counsel, files this Response in Opposition to Defendants' Motion to Strike or Motion for a More Definite Statement of which the following is a statement:

**PRELIMINARY STATEMENT**

Defendants' Motion to Strike or Motion for a More Definite Statement ("Defendants' Motion") frivolously seeks to apply rules and standards for pleadings and summary judgment motions to a Reply Brief in support of a Motion to Impose a Constructive Trust ("Reply"). But Defendants' Motion also demonstrates that Defendant Akshita Banerjee ("Mrs. Banerjee") is either lying about her interest in SSA Capital Advisors, LLC ("SSA Capital") or has fraudulently transferred her interest in SSA Capital since this Court's Judgment was entered against Defendants.

On March 19, 2019, Mrs. Banerjee testified that SSA Capital "is just me." (Reply, ECF Dkt. No. 35, Ex. E at 11:23.) On February 20, 2020, this Court entered a Judgment against Mrs. Banerjee and her husband in the amount of $539,956. (ECF Dkt. No. 13.) On June 22, 2020, Mrs.

Banerjee signed a Foreign Registration Statement with the Pennsylvania Department of State as the Managing Member of SSA Capital.  (Reply, ECF Dkt. No. 35, Ex. D at 3-4.)  Thus, four months after the Judgment was entered against her and her husband, Mrs. Banerjee was still a member, holding an interest in SSA Capital.

But in the Declaration included with Defendants' Motion, Mrs. Banerjee declares that she does "not have an ownership or membership interest in SSA Capital Advisors, LLC."  (Motion, Ex. A, ECF Dkt. No. 41-1 ¶ 3.)  There are only two options: (a) Mrs. Banerjee committed perjury in her Declaration and still has an interest in SSA Capital; or (b) Mrs. Banerjee transferred her interest in SSA Capital shortly after the Judgment was entered—while refusing to pay the Judgment and maintaining her position as the authorized representative of SSA Capital—a presumptively fraudulent transfer under Pennsylvania Uniform Fraudulent Transfer Act.  *See* 12 PA.C.S. § 5104(a), (b)(2), (b)(4), (b)(9)-(10).[1]  This further demonstrates Plaintiffs' need for the Court to Impose a Constructive Trust on SSA Capital and the SASB Irrevocable Trust.

## ARGUMENT

### I.  FRCP Rule 10(b) Does Not Apply to Plaintiff's Reply Which is a Memorandum of Law, Not a Pleading or a Motion.

Defendants are moving for a more definite statement of Plaintiff's Reply under Rules 10(b) and 12(e) of the Federal Rules of Civil Procedure ("FRCP") on grounds that Plaintiff's Reply should have been stated in "numbered paragraphs."  (Defendants' Motion ¶ 18.)  This is frivolous.  FRCP 10 is titled "Form of Pleadings," and sets forth the requirement that "[A] party must state its **claims or defenses** in numbered paragraphs."  FRCP 10(b) (emphasis added).  Plaintiff's Reply

---

[1] Having failed to pay their Judgment-debt, Defendants are "presumed to be insolvent."  12 PA.C.S. § 5102(b).

is not a "pleading." *See* FRCP 7(a) (listing every type of "pleading[]").[2]  And Plaintiff's Reply does not contain any claims or defenses—Plaintiff has already obtained a Judgment in this matter.

FRCP Rule 10, on its terms, does not apply to Plaintiff's Reply.  Therefore, Defendants' Motion for a More Definitive Statement should be denied as frivolous.

> II.  **A Verification is Not Necessary for Plaintiff's Reply Which is a Memorandum of Law in Support of a Motion to Enforce a Judgment, Not a Motion for Summary Judgment or Statement of Material Facts.**

Defendants are moving to strike Plaintiff's Reply under FRCP 12(f) on the grounds that the facts in Plaintiff's Reply are not accompanied by a verification and therefore "immaterial and impertinent."  (Defendants' Motion ¶¶ 21, 23-25.)  This is also frivolous.  FRCP 12(f) only provides for a motion to strike "from a pleading."  As noted above, Plaintiff's Reply is not a pleading as defined in FRCP 7(a), and, therefore, cannot be subject to a Motion to Strike under FRCP 12(f).

Similarly, there is no requirement in the FRCP or elsewhere for a verification to support facts referenced in a Reply Brief in support of motion to aid in the enforcement of a judgment. The cases cited by Defendants are discussing the use of allegations in a complaint to support factual positions for summary judgment under FRCP 56(c) and 56(e) [3] not factual allegations in a post-Judgement memorandum of law.

---

[2] Plaintiff's Reply Brief is also not a "Motion."  *See* FRCP 7(b).  It a memorandum of law in support of a motion.

[3] *See Ziegler v. Eby*, 77 F. App'x 117, 120 (3d Cir. 2003) ("And the complaint was not verified, thereby precluding the District Court from treating it as the equivalent of an affidavit for purposes of Federal Rule of Civil Procedure 56(e)."); *Nautilus Ins. Co. v. S. Vanguard Ins. Co.*, 899 F. Supp. 2d 538, 544 (N.D. Tex. 2012) ("a summary judgment nonmovant who does not respond to the motion is relegated to its unsworn pleadings, which do not constitute summary judgment evidence.")

Finally, all of the facts in mentioned in Plaintiff's Reply were supported by either (a) the uncontested Complaint; (b) this Court's prior decision rejecting Defendants' motion to vacate the Judgment; and (c) clear documentary evidence.  However, to extent the Court requires additional verification to support the documentary evidence, Plaintiff is filing, together with this Response Brief, a Declaration of Ben Hutman attesting to the identity and integrity of the exhibits cited in Plaintiff's Reply.

In summation, Defendants' Motion should be denied as frivolous but Mrs. Banerjee's Declaration—in implying a fraudulent transfer of her interest in SSA Capital—should serve as further evidence of the Plaintiff's need for a constructive trust to be imposed on SSA Capital and the SASB Irrevocable Trust.

## CONCLUSION

For the foregoing reasons Plaintiff Sadis & Goldberg, LLP requests that the Court deny Defendants' Motion to Strike and Motion for a More Definite Statement as frivolous and grant Plaintiff's Motion to Impose a Constructive Trust.

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

By: /s/ Kate E. McCarthy
 Kate E. McCarthy
 PA I.D. #325771
 kem@muslaw.com
 Robert E. Dauer
 PA I.D. #61699
 red@muslaw.com

 Henry W. Oliver Building
 535 Smithfield Street, Suite 1300
 Pittsburgh, PA 15222-2315
 (412) 456-2800

-5-

(412) 456-2864/Fax

-and-

Ben Hutman (Admitted *Pro Hac Vice*)
NY ID No. 5127451
Sadis & Goldberg, LLP
551 Fifth Avenue, 21st Floor
New York, New York 10176
212-573-6675
bhutman@sadis.com

Counsel for Plaintiff Sadis & Goldberg, LLP

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE OR MOTION FOR A MORE DEFINITE STATEMENT** was served upon counsel for Defendants on January 22, 2021 using the Court's CM/ECF system and email to:

> Robert O. Lampl Law Office
> Robert O. Lampl
> Alexander L. Holmquist
> James R. Cooney
> 223 Fourth Avenue, 4th Floor
> Pittsburgh, PA 15222
> rol@lampllaw.com
> aholmquist@lampllaw.com
> jcooney@lampllaw.com

*/s/ Kate E. McCarthy*_____
Kate E. McCarthy

*Counsel for Plaintiff,*
*Sadis & Goldberg, LLP*