IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SADIS & GOLDBERG, LLP,

          Plaintiff,                      19cv1682
                                           ELECTRONICALLY FILED

          v.

AKSHITA BANERJEE, SUMANTA
BANERJEE,

          Defendants.

**Memorandum Order Granting Motion for Constructive Trust (ECF No. 31) and Denying
Motions to Strike/for More Definite Statement (ECF No. 41)**

       On December 31, 2019, Plaintiff, Sadis & Goldberg, LLP, initiated the underlying

lawsuit by filing a Civil Action Complaint against the Defendants, alleging fraudulent transfers

from Sumanta Banerjee to Akshita Banerjee in attempt to become judgment proof for debts owed

by Defendant Sumanta to Plaintiff for unpaid legal fees dating back to 2008. (ECF No. 1).  The

factual history of this case has been more fully recounted in a prior Memorandum Order at ECF

No. 19, which is specifically incorporated herein.

       On February 20, 2020, the Clerk of this Court entered a default judgment in favor of the

Plaintiff, in the amount of $539,956.00. (ECF No. 13). On July 15, 2020, the Banerjees filed a

Motion to Set Aside Default Judgment (ECF No. 14), and that Motion was denied by this Court

by Memorandum Order on July 28, 2020 (ECF No. 19).  Of particular note, the Court

specifically stated in said Memorandum Order "that it would be unfairly prejudicial to Plaintiff

to countenance Defendants' obfuscation tactics yet again while Defendants continue to shift

assets in an attempt to become judgment proof."  (Id.)

Following that ruling, the Banerjees filed a Notice of Appeal on August 20, 2020 (ECF No. 25). This appeal is pending in the United States Court of Appeals for the Third Circuit at Case No. 20-2739, although it appears that there may be an issue of jurisdictional defect. Additionally, since that time, Plaintiff has been attempting again without success in state court to execute on said Judgment.

On January 8, 2021, Plaintiff filed a Motion to Impose a Constructive Trust. (ECF No. 31).  Defendants filed a Response to Plaintiff's Motion on January 19, 2021. (ECF No. 34). Plaintiff filed a Reply in Support of Plaintiff's Motion to Impose a Constructive Trust, which was fashioned as a brief (the "Reply Brief"), on January 22, 2021. (ECF No. 37).

Defendants in response filed a Motion to Strike/For More Definite Statement and claim that: (1) Plaintiff's Reply exceeds the 5 page limit; (2) contains factual allegations which are unsworn and to which Defendants cannot effectively respond; (3) fails to number its paragraphs and has comingled factual allegations and legal argument in its Reply Brief in violation of Rule 10(b); and, (4) should be stricken as impertinent, redundant or scandalous under Rule 12(f).

In yet another round of briefing, Plaintiff responded with the following arguments:  (1) Rule 10(b) does not apply to Plaintiff's Reply, which is a memorandum of law, not a pleading or a motion; and, (2) a verification is not necessary for Plaintiff's reply which is a memorandum of law in support of a motion to enforce a judgment, not a motion for summary judgment or statement of material facts.   Nonetheless, Plaintiff filed a declaration in support of its facts. Plaintiff claims that Defendants' Motion should be denied as frivolous but Mrs. Banerjee's Declaration—in implying a fraudulent transfer of her interest in SSA Capital—should serve as further evidence of the Plaintiff's need for a constructive trust to be imposed on SSA Capital and

the SASB Irrevocable Trust.  In reply, which the Court did not order,[1] but will nonetheless consider, Defendants now claim that Mrs. Banerjee is no longer an owner and is instead a Manager.  On the Motion to Strike/Motion for More Definite Statement, because the Court has allowed exhaustive briefing, including verifications of the parties, and it cannot be reasonably said that any party has not had more than enough ability to brief the issues, contests any facts, and file appropriate verifications/declarations, Defendants' Motion to Strike is DENIED, and Defendant's (Alternative) Motion for a More Particular Statement is DENIED AS MOOT.

On the underlying question as to whether the Court may impose a constructive trust, Defendants' argument that because the case is on appeal, the Court does not have jurisdiction to entertain this Motion, is incorrect.  Under federal law, an appeal of a district court judgment does not stay the execution of a judgment unless the Defendant posts a supersedeas bond or successfully moves the Court for a stay. Fed. R. Civ. P. 62(b); Fed. R. App. P. 8(a); see *Guarnieri v. Borough*, No. 3:05-CV-1422, 2009 WL 331546, at *1 (M.D. Pa. Feb. 10, 2009) (denying defendants motion for a stay of execution where they did not post a bond).

As stated by Plaintiffs, it is well-settled that "the scope of a district court's equitable powers is broad" so it can "fashion relief tailored to the unique circumstances of a case." *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 102 (3d Cir. 2012) (citing and quoting *Brown v. Plata*, 563 U.S. 493, 538 (2011)).  It is also true that his Court's "broad equitable powers" includes "the imposition of a constructive trust." *Beamer v. Beamer*, 330 Pa. Super. 154, 160, 479 A.2d 485,

---

[1] Defendants note that in the Court's Order setting Response to its Motion to Strike, the Court did not seek a Reply from Defendants on the Motion to Strike (ECF No. 49 at p.2).  The Court directs Defendants to its Standard Practices and Procedures which do not guarantee that a reply will be ordered, as it is within the discretion of the Court to so decide whether a reply is necessary on the basis of the complexity of the issues raised in the Motion. Where, as here, a party seeks to file a Reply, the Court routinely permits the filing thereof, and the Court has done so here.  See Practices and Procedures at Motions Practice II-B.

488 (1984); see *Voest-Alpine Trading USA Corp. v. Vantage Steel Corp.,* 919 F.2d 206, 215–19 (3d Cir. 1990) (affirming the district court's equitable imposition of a constructive trust on defendants' interests in a corporation based on defendants previous "participation in the fraudulent conveyance").

Because this Court has found that Defendants have engaged in a "pattern of willful defaults and fraudulent transfer of assets … engaging in this purposeful course of evasion of its secured creditors" and "continue(s) to improperly shift assets to avoid judgments" (Order Denying Mot. to Set Aside Default ("Order"), ECF No. 19, at 4), the imposition of a constructive trust on Defendants' interests in SSA Capital and the SASB Trust is within this Court's equitable powers and necessary to enforce this Court's Judgment.

As Plaintiff further emphasizes, and this Court notes, "if Defendants were to post a bond of $539,956 in this matter, Sadis would gladly withdraw its motion. But absent such a bond, "[a] lower court judgment . . .  is entitled to a presumption of validity" and "[a]ny party seeking a stay of that judgment bears the burden of showing that the decision below was erroneous and that the implementation of the judgment pending appeal will lead to irreparable harm." *Graves v. Barnes*, 405 U.S. 1201, 1203 (1972).

Defendants have not attempted to make such a showing here and instead complain about the formatting of the briefing (numbering paragraphs/length of briefing) and raise other meritless procedural and jurisdictional challenges (i.e., Plaintiff can go to another court to raise arguments and this Court has no jurisdiction due to appeal).

Arguably, it appears that Mrs. Banerjee's attempt to deny her interest in SSA Capital and the substantial assets SSA Capital holds on her behalf appears to be another tactic by Defendants evincing a "pattern of willful defaults and fraudulent transfer of assets," "engaging in this

purposeful course of evasion of . . . creditors" and "continu[ing] to improperly shift assets to avoid judgments." (Order, ECF No. 19, at 4.)

To recount, this action was brought to remedy the fraudulent transfers from Mr. Banerjee to Mrs. Banerjee and from Mrs. Banerjee to SSA Capital and her other businesses. (Compl., ECF No. 1, ¶¶ 38-43; Order, ECF No. 19 at 4.)  As it is within the equitable discretion of this Court, this Court finds that, "[i]mposition of a constructive trust is necessary in this case to ensure that the assets are not again fraudulently transferred or otherwise illegally dissipated." *S.E.C. v. Antar*, 120 F. Supp. 2d 431, 448–49 (D.N.J. 2000), aff'd, 44 F. App'x 548 (3d Cir. 2002).

Accordingly, it is hereby Ordered as follows:

(1) Plaintiff's Motion to Impose a Constructive Trust (ECF No. 31) is GRANTED;

(2) A constructive trust is imposed for Plaintiff's benefit and any and all payments made from SSA Capital Advisers LLC, to Defendants Akshita and/or  Sumanta Banerjee, individually and collectively, and upon any and all payments made from SSA Capitol Advisors to SASB Irrevocable Trust for the benefit of Akshita and/or Sumanta Banerjee, individually or collectively.  Defendants are enjoined from conveying, secreting away, disposing or otherwise encumbering any and all interest in SSA Capital Advisors LLC, or the SASB Irrevocable Trust held in Defendants' name or otherwise for their benefit.

(3) Defendants' Motion to Strike (ECF No. 41) is DENIED; and

(4) Defendants' Motion for More Definite Statement (ECF No. 41) is DENIED AS

MOOT.

                                **SO ORDERED** this 9th day of February, 2021.

                                s/Arthur J. Schwab
                                Arthur J. Schwab
                                United States District Judge

cc:  All Registered ECF Counsel and Parties